(Decided June 22nd, 1897).

---

## THE OHIO BRASS COMPANY *vs.* LESTER CLARK
### ET AL.

*Attachments—Rights of Creditors Against Funds of Debtor Held by a Trustee—Priority.*

Where attachments are laid in the hands of a trustee holding money of the debtor, inchoate liens are thereby created which are entitled to priority according to the dates at which the attachments were laid.

It was agreed between J., the contractor for building a railroad and the railroad company that the money payable by the latter to the former should be put into the hands of a Trust Company for the purpose of discharging certain claims on account of the work against the contractor, the balance to be paid to J. The fund was brought into a Court of Equity for distribution and the designated creditors were paid. Certain creditors of J. laid attachments in the hands of the Trust Company. Appellant, a creditor of J., laid no attachment in the hands of the Trust Company, but did lay an attachment in the hands of the railroad company, after the date of the agreement by which the funds were made payable to the Trust Company, but before actual payment of the same. The funds were not sufficient to pay in full the claims of those creditors who issued attachments against the Trust Company. *Held*, that as against these creditors, the appellant was not entitled to priority.

Appeal from an order of the Circuit Court of Baltimore City (DENNIS, J.) John Jameson was the contractor for the building of the Pikesville, Reisterstown and Emory Grove Railroad. By an agreement entered into on October 30, 1895, all funds payable or to become payable to him by that company were transferred to the Maryland Trust Company for the purpose of discharging, in a certain order, claims arising out of the building of the railroad, for which the railroad company might be answerable; and after that was done to pay over the balance to Jameson or his assigns. Under the agreement, the sum of $51,207.51 was paid by the railroad company into the hands of the Maryland Trust Company, on or about the 4th day of December, 1895. On November 11th, 1895, before any money had been paid by the railroad company to the Maryland Trust Company, in accordance with the agreement of October 30th, 1895, a suit was docketed by the Ohio Brass Company against John Jameson as a non-resident for the sum of $1,840.72, the amount claimed to be owing upon two promissory notes, and an open account growing out of the construction of the railroad, and on the same day an attachment was laid in the hands of the Pikesville, Reisterstown and Emory Grove Railroad, and the garnishee was summoned. On December 9th, 1895, a judgment of condemnation *nisi* was entered.

The Trust Company, under a petition filed in the Circuit Court of Baltimore City on December 26, 1895, conducted the trust created by the above agreement subject to the supervision of the Court. In June, 1896, an Auditor's Account A was stated, distributing a large sum of money among those entitled, including, in the order of their precedence, certain creditors of Jameson who had laid attachments in the hands of the railroad company prior to the agreement of October 30, 1895. This distribution completely paid all creditors for whose claims the railroad company was liable at the date of said agreement, except a trifling balance due to one of them. Owing to certain proceedings arising out of Account A, a further sum of $1,419.35

came into Court for distribution, and it is as to this that the controversy in this case related. By his Account B the auditor awarded the net balance of this sum, in the order of their dates, to the following creditors of Jameson, who had laid attachments in the hands of the Maryland Trust Company on the dates following, viz: 1. Lester Clark, December 13, 1895. 2. Morton Reed & Co., January 10, 1896. 3. B. F. Shaw Co., January 16, 1896. The first two were by this account allowed in full; the third not quite fully, the fund being insufficient.

The Ohio Brass Company, which had laid no attachment in the hands of the Trust Company, but which, on November 11, 1895, had laid an attachment in the hands of the railroad company, filed exceptions to Account B, and at its request the auditor stated an Account C, distributing to it the whole fund on account of its claim. On hearing, the Court overruled Account C and finally ratified Account B. From this order the Ohio Brass Company appealed.

The cause was argued before McSHERRY, C. J., BRYAN, FOWLER, ROBERTS and BOYD, JJ.

*Thos. Ireland Elliott* and *Frederick T. Dorton*, for the appellant.

*Redmond C. Stewart*, for the appellee, Clark. The Court declined to hear *Joseph Packard, Jr.* (with whom was *A. Morris Tyson* on the brief), for the other appellees.

FOWLER, J., delivered the opinion of the Court.

John Jameson, a resident of the State of Ohio, made an agreement with the Pikesville, Reisterstown and Emory Grove R. R. Co. to construct an electric railroad in Baltimore County, and some complications and difficulties arising between the parties in regard to the payment of claims against the former incurred in the building of said road, for which the railroad company might be answerable, the two parties on the 30th of October, 1895, agreed in writing that

all funds payable or to become payable to Jameson by the company should be and were by said agreement transferred to the Maryland Trust Company for the purpose of discharging in certain order the claims aforesaid, and then the balance, if any, to be paid to said Jameson or his assigns.

On the 26th of December, 1895, the Trust Company, as trustee, filed a petition in the Circuit Court of Baltimore City, and with it the agreement we have just referred to, asking that Court to take jurisdiction of the trust fund so held by it, to the end that the said agreement may be construed, and that said fund may be distributed to those entitled thereunder, for an order authorizing the trustee to publish notice to all claimants of such fund to file their claims in that Court, and asking injunctions against the appellees Zouck & Clark to restrain them from further proceedings at law, they having both laid attachments in its hands as garnishee of Jameson. Whereupon jurisdiction was assumed, and on the 16th January, 1895, it was ordered that notice to creditors be given by the trustee. Under the petition thus filed and the order assuming jurisdiction the Trust Company proceeded to administer the trust created by said agreement. Auditor's Account A was filed, by which a large sum was distributed to creditors of Jameson in the order provided by said agreement. But with this account we are not concerned, as it was ratified and distribution made under it without any objection. Subsequently, however, a further sum came into the hands of the trustee for distribution, and by Account B, filed on the 17th of June, 1896, it was distributed as follows: To the payment in full of the attachment claims of Lester Clark and Morton, Reed & Company, and to the payment in part of the attachment claim of B. F. Shaw & Company.

The Ohio Brass Company, a creditor of Jameson, and the appellant in this case alone objects to the distribution of the fund in question as proposed to be made by Account B. And when it is stated that this appellant never had its attachment laid in the hands of the Trust Company to affect

the fund it held, but did attach all the credits of Jameson in the hands of the railroad company, and duly recovered a judgment of condemnation *nisi* against said company for the full amount of its claim, the presumption being, therefore, that the railroad company has in its hands sufficient to pay the claim in full, it is difficult to understand why the appellant should be here in the position it now occupies. The fund which was distributed by Account B to the attaching creditors of Jameson would otherwise, under the agreement, have gone to the latter or his assigns, and not to the appellant.   But the appellees had prevented this otherwise necessary result by attaching.   And the inchoate lien created by the attachment followed the fund.   While attaching creditors cannot generally proceed to final judgment against a garnishee who is a trustee, and in this case they were enjoined from so doing, yet the course adopted in respecting the inchoate liens of the attachments and the allowance of the attachment claims in the order in which they were laid in the trustees hands is justified by the usual practice in Courts of Equity.  *Early* v. *Dorsett*, 45 Md. 468. The appellant, like the appellees, could have laid its attachment both in the hands of the trustee and the railroad company, but for reasons best known to itself it selected the latter alone as garnishee, and it will not be permitted, therefore, to interfere with the distribution of a fund to which it has failed to show any legal claim whatever.

*Order affirmed with costs.*

(Decided June 23rd, 1897).