WILLIAM B. SUTTON, *Appellee*, V. MARTIN HEINZLE, *Individually and as Next Friend, etc., et al., Appellees*, and RICHARD J. SMITH, *Appellant.*

No. 17,057.

### SYLLABUS BY THE COURT.

1. GARNISHMENT—*Foreign Corporation—Debt Contracted Outside of State—Jurisdiction—Publication Service.* A foreign corporation doing business in this state, and subject to process here, may be garnished for a debt owing to a nonresident defendant, which was incurred outside the state; and·jurisdiction over the fund, as against the defendant, and as against a nonresident claimant of it disclosed by the garnishee's answer, may be obtained by publication service upon them.

2. ———— *Foreign Judgment.* .Where a judgment rendered in another state is satisfied without the indebtedness having been fully paid, under an agreement that the defendant is to pay the balance, the remaining obligation is a contract debt and is subject to garnishment in this state.

3. MINORS — *Necessaries — Attorney's Fee.* Beneficial services rendered to a minor by an attorney under an express or implied contract are classed as necessaries, and payment therefor can not be avoided on the ground of the client's minority.

Appeal from Wyandotte court of common pleas. Opinion filed May 6, 1911. Affirmed.

*Richard J. Smith,. A. E. Dempsey,* and *E. E. Naber,* for the appellant.

*William B. Sutton,* and *William B. Sutton, jr.,* for William B. Sutton, appellee.

The opinion of the court was delivered by

MASON, J.: William B. Sutton brought action in Wyandotte county, Kansas, against Martin Heinzle, a resident of Kansas City, Mo., for an attorney's fee, serving garnishment summons upon the Metropolitan Street Railway· Company, a Missouri corporation engaged in business in this state and amenable to process here. The garnishee answered stating in effect that

Heinzle had obtained a judgment against it in Missouri for $10,000, on account of a claim for personal injury; that all but $1200 of the judgment had been paid; and that Richard J. Smith and others claimed an interest in or lien upon this balance. The plaintiff elected to take issue with the answer of the garnishee, and caused Smith and the other claimants to be made parties. Smith appeared specially and contested the jurisdiction of the court, and later the plaintiff's claim on the merits. The other defendants defaulted. The court upon oral evidence, which is not preserved in the record, found that the defendant owed the plaintiff, that the garnishee owed the defendant, and that the interpleaded defendants, including Smith, had no interest in the fund. Judgment was rendered ordering the garnishee to pay the plaintiff's demand. Smith appeals. He did not appear at the trial. He contends that this was due to a misunderstanding on his part and that he should on that account have been granted a new trial. This matter, however, seems to be one in which the decision of the trial court must be final. In view of this situation the only questions on which the appellant can be heard are those arising on the pleadings, the principal one of which is whether, in view of the residence of the parties and character of the debt garnished, the court acquired jurisdiction of the fund. In a note in 69 Am. St. Rep. 112 it is said:

"We believe it to be a rule of law, sound in principle, and amply supported by the appended authorities, that corporations are properly subject to garnishment only in the states either of their domiciles or of the residence of their creditors, and that a corporation, by going into another state, qualifying under its laws, transacting business there, and establishing an agent upon whom process may be served in suits against the corporation, does not thereby transfer to such other state the situs of debts which it owes to nonresidents thereof, nor subject such debts to seizure in such state under process of garnishment." (p. 122.)

The contrary is held in the well-considered case of *Baltimore & Ohio Railroad Co. v. Allen,* 58 W. Va. 388, which fully reviews the authorities, and which is annotated in 3 L. R. A., n. s., 608, and 112 Am. St. Rep. 975, 995. The question can not be regarded as an open one in this state, having been decided in *B. & M. R. Rld. Co. v. Thompson,* 31 Kan. 180, a paragraph of the syllabus reading:

"A foreign corporation coming into this state, and leasing property and doing business here, may be garnished for a debt due to one of its employees, although such employee is not a resident of this state, and although the debt was contracted outside of the state." (Syl. ¶ 3.)

In the opinion it was said:

"A mere debt is transitory, and may be enforced wherever the debtor or his property can be found, and if the creditor can enforce the collection of his debt in the courts of this state, a creditor of such creditor should have equal facilities." (p. 196.)

As the court obtained jurisdiction of the indebtedness by the service of the summons in garnishment, it could determine upon substituted service whether a nonresident claimant had any interest in the fund. (Civ. Code, § 241; 20 Cyc. 1132.)

If the indebtedness garnished had actually been in the form of a judgment, by the weight of authority it would not have been subject to garnishment in the courts of another state. (20 Cyc. 1010; 14 A. & E. Encycl. of L. 777; *Wabash Railroad Co. v. Tourville,* 179 U. S. 322.) But the plaintiff claimed, and the court must be deemed to have found upon sufficient evidence, that after Heinzle's claim against the railway company had been reduced to judgment a part of the amount was paid and the balance satisfied, the creditor thereafter looking to the company to pay the difference, thus converting it into an ordinary contract debt.

The appellant seeks to question the sufficiency of the plaintiff's petition and the regularity of the garnish-

ment proceedings.    Ordinarily these· are not matters upon which an interpleaded claimant of a garnished fund can be heard.    (20 Cyc. 1135; 14 A. & E. Encycl. of L. 910.)    This general rule may be changed by our statute, which provides that the garnishee may defend the principal action, and that a claimant of the fund upon being made a party may in his answer set forth any defense which the garnishee might have made. (Civ. Code, §§ 238, 241.)    We find no substantial defect in the garnishment proceedings.    The appellant filed a motion to make the plaintiff's petition more definite and certain, a demurrer, and an answer.    The motion merely appealed to the discretion of the court.    The only serious question raised by the demurrer grows out of the fact that the plaintiff's action was for services rendered as an attorney in prosecuting the claim of a minor for compensation for personal injuries — the claim upon which the judgment was rendered against the railway company.    Martin Heinzle acted as the next friend of the minor, and the minor was joined with him as a defendant in this action.    The appellant's contention is that the plaintiff's contract with the minor, or with the next friend for the minor, was void.    Whether or not an express contract as to the attorney's compensation was enforceable according to its terms, the services having been rendered and having been beneficial to the minor, a liability exists to pay for them on the ground that they are classed as "necessaries."    (3 A. & E. Encycl. of L. 416, 417; 5 A. & E. Ann. Cas. 131, note; 96 Am. St. Rep. 731, note.)    As already stated, the questions arising upon the trial of the issues raised by the answer are not so presented as to be reviewable.

The judgment is affirmed.