L. B. KERR & COMPANY, LIMITED, PLAINTIFF, *v.*
J. L. GREENBAUM, MOSE GREENBAUM, ISAAC
GREENBAUM AND AARON GREENBAUM, PART-
NERS, DEFENDANTS, AND THE IDEAL CLOTH-
ING COMPANY, LIMITED, GARNISHEE.

RESERVED QUESTION FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED NOVEMBER 6, 1914.        DECIDED NOVEMBER 21, 1914.

ROBERTSON, C.J., WATSON, J., AND CIRCUIT JUDGE ASHFORD,
IN PLACE OF QUARLES, J.

GARNISHMENT—*nature of proceeding—nonresident defendant.*
    The garnishment of a debt due to a nonresident, unless he ap-
    pears in the action, is a proceeding *quasi in rem.* Actual service
    upon the garnishee within the Territory gives the court jurisdic-
    tion over the *res.* Service of process on the defendant is not
    necessary, but reasonable constructive notice of the attachment
    must be given.
SAME—*service of process on garnishee sufficient notice to nonresident
    defendant.*
    Under Sec. 2114 R. L. service of process upon the garnishee is
    sufficient notice to a nonresident defendant who has never resided

Kerr & Co. v. Greenbaum, 22 Haw. 321.

in this Territory to enable the plaintiff to bring the action to trial though the garnishee be the mere debtor of the defendant. But before judgment be entered the defendant should have had a reasonable opportunity to contest the plaintiff's claim.

OPINION OF THE COURT BY ROBERTSON, C. J.

The plaintiff, a Hawaiian corporation, instituted an action of assumpsit in the district court of Honolulu, against the defendants, copartners, and residents of New York, and alleged that the garnishee, also a Hawaiian corporation, is indebted to the defendants. Summons issued in the usual form, the sheriff's return thereto stating that the defendants are not inhabitants of the Territory of Hawaii and have never resided therein; that he served the garnishee by leaving a true and attested copy of the summons and declaration in said action with one Forster, its secretary and treasurer; and that he served the defendants by leaving with said Forster a true and attested copy of said summons and declaration for said defendants. Section 2114 of the Revised Laws provides that service upon the garnishee "shall be sufficient notice to the defendant to enable the plaintiff to bring his action to trial, unless the defendant be an inhabitant of this Territory, or has sometime resided therein, and then a like copy shall be served personally upon him, or left at his last and usual place of abode."

The garnishee appeared by counsel and moved to dismiss the action on the ground that the court had not acquired jurisdiction of the persons of the defendants in that the defendants had not been served actually or constructively, and no one representing them as attorney, factor, agent or trustee, had been summoned or notified to defend the action. The motion was overruled, and the plaintiff obtained judgment against the defendants and the garnishee in the sum of $115.97. The garnishee appealed to the circuit court, jury waived. The case being called up for trial in the circuit court, the garnishee renewed its motion to dismiss, whereupon the court reserved the

question whether the district court and the circuit court had acquired jurisdiction of the defendants.

The precise point involved was not accurately stated in either the garnishee's motion or the court's certificate of reservation, though it has been argued. The question is whether such notice has been given the defendant as will enable the plaintiff to bring the action to trial, and warrant the court in proceeding to judgment. Actual service being made upon the garnishee within the Territory, the debt is attached in his hands and jurisdiction is thus acquired over the *res*. The principal defendant being nonresident jurisdiction over him cannot be obtained and is not necessary. It is a proceeding *quasi in rem*. "If there be a law of the State providing for the attachment of·the debt, then if the garnishee be found in that State, and process be personally served upon him therein, we think the court thereby acquires jurisdiction over him, and can garnish the debt due from him to the debtor of the plaintiff and condemn it, provided the garnishee could himself be sued by his creditor in that State. * * * Power over the person of the garnishee confers jurisdiction on the courts of the State where the writ issues." *Harris* v. *Balk,* 198 U. S. 215, 222. See also *Chicago, etc. R. Co.* v. *Sturm,* 174 U. S. 710, 716. In *Veeder Mfg. Co.* v. *Marshall-Sanders Co.,* 79 Conn. 15, the court said (pp. 17, 18), "The garnishment of a debt due to a nonresident is, unless he appears in the action, in the nature of a proceeding *in rem*. A judgment *in personam* may be rendered against him in form, but it imposes no personal obligation. The court acts by virtue of its jurisdiction over the garnishee and its power to compel him to satisfy the execution to the extent of his indebtedness. * * * That indebtedness is regarded for this purpose as having a *situs* at the domicil of the debtor. * * * This statute did not make service on the garnishee equivalent to or any part of service of the process on the defendant. There was no need of any service on the defendant. None could be made which would bring him under the power of the court. The object of

the law was simply to secure reasonable notice to him of the foreign attachment, so that he might have an opportunity to protect his interests in the subject of the attachment." On the question of reasonable notice to the defendant, this court said in *Bicknell* v. *Herbert,* 20 Haw. 132, 137, "Leaving a copy of the summons at the last and usual place of abode of the defendant is one of the modes of service authorized by our law and is a mode prescribed by the statutes in many of the states and has long been deemed to be well calculated to give to a party alive to the protection of his property and to the performance of his duties notice of the institution of the proceeding against him. Notice by publication is, perhaps, a method more often used as a substitute for personal service, but there is no distinction in principle between the one method and the other. Neither is based on the theory that it will necessarily give actual notice to the defendant but merely that it will give such notice to himself or to his agents if he cares to take reasonable precautions for the protection of his property." The judgment in that case was affirmed by the supreme court. *Herbert* v. *Bicknell,* 233 U. S. 70. We are of the opinion that the requirement of the law as to notice to a defendant who is not and never has been an inhabitant of this Territory is met by the provision that actual service upon the garnishee is sufficient in such case. In *Harris* v. *Balk,* supra, it was held to be the duty of the garnishee to give notice to his own creditor if he would protect himself so that the creditor may have the opportunity to defend himself against the claim. Here, then, the promptings of self-interest operate, whereas, in the case of leaving a copy of the summons at the last usual abode of the defendant, the element would probably, in most cases, not be present. In the case referred to, though no point was made of the matter, it is interesting to note that the statute provided merely that a copy of the summons and a statement of the plaintiff's claim should be posted at the door of the court house. 1 Pub. Gen. Laws, Maryland, Art. 9, Sec. 9.

Kerr & Co. v. Greenbaum, 22 Haw. 321.

The contention of counsel for the garnishee that notice by publication should have been given under the general provisions of statute relating to actions against nonresident defendants, is met by the ruling made in *Bicknell* v. *Herbert* that they do not apply to proceedings commenced in a district court. And we may add, as a further reason, that the special provisions of the garnishment law apply to this class of cases to the exclusion of the general provisions.

It is contended that under the statute when the garnishee is a mere debtor of the defendant service upon him does not constitute notice to the defendant. Section 2114 provides that "whenever the goods or effects of a debtor are concealed in the hands of *his attorney, agent, factor, or trustee* * * * or when *debts are due from any person* to a debtor," process may be served upon "such *attorney, agent, factor or trustee* * * * to summon such *attorney, agent, factor, or trustee* to appear * * * and on oath disclose whether he has * * * any of the goods or effects of the defendant in his hands, and, if so the nature, amount and value of the same, *or is indebted to him, and the nature and amount of such debt* * * * all the goods and effects in the hands of such *attorney, agent, factor or trustee,* and every *debt due from such debtor* to the defendant, shall be secured in his hand * * * and such notice shall be sufficient notice to the defendant," etc. The contention is that while the statute provides that service upon the "attorney, agent, factor or trustee" of the defendant shall be sufficient notice to the defendant, it does not provide that service upon the "debtor" of the defendant shall constitute notice to him. The section is not as clearly worded as it might have been, but it contains internal evidence, as appears from the abbreviated quotation, of the intention of the legislature that the phrase "attorney, agent, factor or trustee" should include "debtor." Thus, the section says, that the "attorney, agent, factor or trustee," upon being summoned, shall appear and disclose whether the defendant "is indebted to him, and the nature and amount of such debt;" also, that service

upon such "attorney, agent, factor or trustee" shall secure in his hand not only the goods and effects of the defendant but every *debt* due him from the defendant. The same phraseology appears in section 2115, though in section 2116 it is "attorney, agent, factor, or trustee or debtor." We believe it has been the uniform understanding of bench and bar that the phrase used in section 2114 was intended to include "debtors." The statute originally was chapter 35 of the Laws of 1876, and became chapter 135 in the revision of 1905. In 1907 the legislature added three new sections providing for the garnishment of "any salary, stipend, wages, annuity or pension" of which the defendant may be in the receipt from any "attorney, agent, factor or trustee," the phrase thus being used comprehensively as including "debtor" and "employer" and others who might not fall within any category mentioned should the words used be strictly interpreted. Act 99, Laws of 1907.

We hold that under section 2114, service of process upon a garnishee as the debtor of a nonresident defendant is sufficient notice to the defendant to enable the plaintiff to bring the action to trial and to authorize the court to proceed to judgment. But in a case such as this justice would require that before judgment is rendered the defendant shall have had an opportunity to contest the plaintiff's claim, and for the purpose of applying for a continuance in order that such opportunity be afforded the garnishee might represent the defendant.

*A. S. Humphreys* for plaintiff.

*L. Andrews* for garnishee.