## THE COPPERFIELD.

(District Court, S. D. Alabama, S. D. August 3, 1925.)

**1. Garnishment ⬉81 (2)—Situs of debt arising from charter party was at residence of char-, terer, or where charterer might be sued.**

In libel for damages against nonresident owner of steamship for collision at sea, with charterer, a nonresident corporation, being garnisheed, situs of debt for garnishment was at residence of charterer, or where charterer might be sued, and rule was not changed because debt was expressly payable elsewhere.

**2. Garnishment ⬉78—District Court had jurisdiction, though garnishee was a nonresident corporation, and services creating debt were not rendered within court's jurisdiction.**

District Court held to have jurisdiction in garnishment, though garnishee was a nonresident corporation, and services which created its debt to owner were not rendered within jurisdiction of the court, in view of Code Ala. 1923, §§ 7209–7220, and section 5681, subjecting nonresident corporation doing business within the state to suit in the state on a cause of action arising anywhere.

**3. Courts ⬉259—Jurisdiction not conferred on federal District Court by act of state Legislature.**

Jurisdiction cannot be conferred on federal District Court by act of state Legislature.

In Admiralty. Suit by Walter Wrightson, as managing owner of the American schooner Copperfield, against Thomas Brovig and others, with garnishment of the American Bauxite Company. On motion to discharge garnishee. Motion overruled.

Alex T. Howard, of Mobile, Ala., for libelant.

Rickarby, Beebe & Coley, of Mobile, Ala., for garnishee.

ERVIN, District Judge. This is a libel, seeking damages against the nonresident owner of a steamship for a collision at sea. Foreign attachment was prayed, and issued and served on the American Bauxite Company, a corporation incorporated under the laws of Pennsylvannia, but doing business in the port of Mobile, Ala. The garnishee appeared and filed its answer, from which it appears that it was operating the steamer Dea, the colliding vessel, under a charter made June 25, 1924, for 12 months and 3 weeks, more or less, the charter hire to be paid in New York in cash.

The answer claims that the garnishee is not liable for any amount in Mobile, Ala., and does not owe any one here. After filing the answer, the garnishee moved for its discharge as garnishee. It is conceded that the garnishee corporation was doing business in Mobile, Ala., and had an agent here to transact its business.

[1] The first question presented is the situs of a debt for the purpose of garnishment. This question is conclusively ruled in Chicago, R. I. & P. R. Co. v. Sturm, 174 U. S. 713, 19 S. Ct. 797, 43 L. Ed. 1144, and Harris v. Balk, 198 U. S. 221, 25 S. Ct. 625, 49 L. Ed. 1023, 3 Ann. Cas. 1084, where it is expressly held that the situs of a debt for garnishment purposes is at the residence of the debtor, or where the debtor may be sued. In the Sturm Case, beginning on page 714, the court traces the garnishee proceedings to the custom of London, and conclusively shows that, disregarding the technical theory, the situs must be where the debtor can be found; otherwise, there could be no condemnation of the debt.

To illustrate: Suppose A., a resident of Georgia, owed B., a resident of Mississippi; if it be held that the situs of this debt is in Mississippi, the residence of the creditor, B., how is it possible to condemn the debt, if A., the debtor, cannot be there served or condemned to pay it? Conceding the correctness of this ruling, it is contended that these decisions of the Supreme Court do not control, where it is expressly made payable at a particular place; that here the debt was by a nonresident corporation, and is expressly made payable in New York, hence cannot be condemned in Alabama.

Disregarding altogether the refinements and technicalities of the discussion in reference to the situs of the debt, and looking only to the practical question, which after all must be the decisive one, we will find that, if it be conceded that the place agreed upon for payment is to fix the situs, then the debt may be so arranged as to place of payment that it would be impossible to condemn it.

Using the same illustration: We will say A., who is a resident of Georgia, owes B., a resident of Mississippi, and gives his note, making it payable at the First National Bank of Mobile, Ala. Now C. has a claim against B. How can C. condemn the debt in Mobile? Neither debtor nor creditor live here, nor can either one be served here, unless they casually come into the jurisdiction of this court. The fact that the debt is made payable here does not bring any one in the jurisdiction of this court. The First National Bank of Mobile has no assets of A. by reason of the naming of the bank as the place of payment of his debt to B.; hence it will be seen that the parties to the debt

could so arrange it that it would be impossible to ever condemn that debt.

Of necessity, then, the only place where the debt can be condemned is where A. can be served. The same reason which precluded the fixing of the situs of the debt at the residence of the creditor still more strongly shows that the situs cannot be fixed for the purpose of garnishment at the place of payment. The place of payment is named merely as a convenience to the parties, so that some definite place is agreed on where they could meet for the purpose of payment, provided the parties carry out the terms of their contract; but, if the debtor fails to make payment, then the creditor cannot get process at that place to condemn his debtor to pay, and hence he must go to a jurisdiction where he can get service on his debtor. Baltimore & O. R. Co. v. Allen, 58 W. Va. 388, 52 S. E. 465, 3 L. R. A. (N. S.) 608 and note, 112 Am. St. Rep. 975.

It is manifest that the creditor of this creditor must go to the same place to condemn the debt, for the situs of a debt cannot be one place as between A. and B., the debtor and creditor, and a different place when C., the creditor of B., undertakes to condemn the debt which A. owes to B.

[2] It is, however, contended that the garnishee is a Pennsylvania corporation, and that the services rendered, which created its debt to the owner of the Dea, were not rendered within the jurisdiction of this court in Alabama; that the fact that this garnishee was also doing business in Alabama would not permit suit against it in this jurisdiction for services not rendered here, or a debt contracted elsewhere; that a corporation organized in one state and coming into another state for some business purposes does not carry with it into such state the liability to be there held on debts contracted elsewhere.

There are many able opinions on this subject by various courts, and undoubtedly this proposition is, in the absence of statutory provisions, the correct view. Alabama has a series of statutes which require nonresident corporations, who desire to do business in this state, before engaging in it, to comply with certain essentials, such as filing with the secretary of state a certified copy of its articles of incorporation, and designating at least one known place of business in the state and an authorized agent on whom service may be had. These provisions are found in sections 7209 to 7220 of the Code of Alabama of 1923, and they make it unlawful for a nonresident corporation to do business without complying with them.

In addition to these provisions there is another one, found in section 5681 of the same Code, which reads as follows: *"Enforcement in This State of Cause of Action Arising in Another State, When Jurisdiction of the Defendant can be Obtained in This State.—* Whenever, either by common law or the statutes of another state, a cause of action, either upon contract, or in tort, has arisen in such other state against any person or corporation, such cause of action shall be enforceable in the courts of this state, in any county in which jurisdiction of the defendant can be legally obtained in the same manner in which jurisdiction could have been obtained if the cause of action had arisen in this state."

[3] It is said, however, that jurisdiction cannot be conferred on this court by an act of the state Legislature. This is conceded, but it does not follow that the state Legislature may not impose a condition upon nonresident corporations in reference to their doing business in the state of Alabama. Ware v. Hamilton Brown Shoe Co., 92 Ala. 148, 9 So. 136. So, if corporations come into this state under these conditions, they would be just as liable to suit in this court as they would be in the state court. If a nonresident corporation comes into the state of Alabama for the purpose of doing business under the conditions imposed by the Legislature, and one of said conditions being that it should be subject to suit in the state on a cause of action arising anywhere, then this corporation would be just as liable to be sued in the federal court as it would be in the state court.

I am therefore of the opinion that the motion to discharge the garnishee should be overruled, and such an order will be entered.