## MORRIS W. HAFT & BROS., Inc., v. WELLS.
### No. 1580.

Circuit Court of Appeals, Tenth Circuit.

Dec. 31, 1937.

Smith & Buckles, of Oklahoma City, Okl., for appellant.

Arrington & Miller, of Shawnee, Okl., for appellee.

Before PHILLIPS, BRATTON, and WILLIAMS, Circuit Judges.

PHILLIPS, Circuit Judge.

On April 10, 1933, Morris W. Haft & Brothers, Inc., hereinafter called the claimant, instituted a suit in the Municipal Court of Atlanta, Fulton County, Georgia, a court of general jurisdiction, against Jack Kins to recover the sum of $955.49 for merchandise sold and delivered to Kins. A writ of attachment was issued on the same day authorizing the Marshal to seize any property of Kins in Fulton County. On April 10, 1933, the Marshal returned the writ certifying that he had served summons of garnishment on the Phoenix Assurance Company of London, by serving A. B. Ford, its agent, and on the Home Fire & Marine Insurance Company, by serving C. P. Roberts, its agent.

The garnishment summons were made returnable at the May, 1933, term of the court, at which time a declaration and affidavit in attachment was filed, wherein it was alleged that the attachment was executed by service of garnishment on the two insurance companies. A stipulation was filed wherein the insurance companies admitted they had adjustments for losses pending with Kins and wherein the claimant agreed that the insurance companies, as garnishees, need not file their answers until the adjustment of such losses.

No further action was taken in the suit in the attachment proceeding. At the time of the commencement thereof Kins was a resident of Pottawatomie County, Oklahoma, and the claimant was a citizen of the state of New York. Process in the attachment proceeding was not served either personally or constructively on Kins.

On February 7, 1934, Kins recovered a judgment for $4,000.00 against the Phoenix Company, on two policies of fire insurance issued by it, and a judgment for $1,750.00 against the Home Company on a policy of insurance issued by it. On March 8, 1934, an involuntary petition in bankruptcy was filed against Kins and on March 29, 1934, he was duly adjudged a bankrupt. The insurance companies paid the amount of the judgments over to the trustee in bankruptcy. On April 13, 1934, the claimant filed its claim herein for $1,030.94, alleging that it was entitled to a lien against the proceeds of the judgments in the hands of the trustee.

The trustee filed objections to the claim. The referee held that the claimant had acquired a valid inchoate lien by its garnishment proceeding levied more than four months prior to the filing of the involuntary petition in bankruptcy; that the inchoate lien was not enforceable against the funds in the hands of the trustee, but that the claimant was entitled to prosecute its garnishment proceeding to judgment in the state court. On petition to review the order of the referee the trial court affirmed the order insofar as it denied enforcement of the asserted lien against the funds in the hands of the trustee and enjoined the claimant from prosecuting its garnishment proceeding to judgment in the state court. The claimant has appealed.

In ascertaining the rights of the claimant it is necessary to consider the applicable statutes of Georgia. The section references hereinafter made are to the Georgia Code 1933. Section 8-101 provides that an attachment may issue when the debtor resides out of the state. Section 8-114 provides that upon making the required affidavit and giving the requisite bond the officer authorized so to do, shall issue an attachment against the defendant which shall be levied upon his property both real and personal situated within the state. Section 8-205 provides that service of attachment by serving process of garnishment

shall be as effectual for all purposes as though the attachment had been served by making a levy upon the property of the defendant. Section 8-502 provides that when suit is brought against a nonresident and the attachment is levied by service of summons of garnishment, the situs of any debt due by the garnishee to the defendant shall be at the residence of the garnishee within the state, and any sum which the garnishee owes to the defendant shall be subject to such attachment. Section 8-601 provides that when an attachment has been returned to the proper court, subsequent proceedings shall be the same in all respects as in cases where there is personal service and when such return is to the superior or county court the plaintiff shall file his declaration at the first term. Section 8-905 provides that the lien of attachment is created by the levy and not the judgment on the attachment. Section 46-203 in part provides:

"The service of a summons of garnishment shall in all cases operate as a lien on all the garnishee's indebtedness at the date of the service and also on all future indebtedness accruing up to the date of the answer."

Section 46-106 provides that service of a summons of garnishment upon the agent in charge at the time of service, of the office or business of the corporation in the county or district, shall be sufficient. Section 22-1103 provides that where a corporation has an agent and place of business in any county or district in which there may be a suit in attachment upon which garnishment is sought against the corporation, the court wherein the proceeding is pending shall have jurisdiction also of the garnishment proceedings and service of summons of garnishment upon the agent in charge at the time of the service, of the office or business of the corporation in the county or district, shall be sufficient.

Section 8-108 provides that attachments may issue against nonresident corporations transacting business within the state, under the same rules and regulations as are prescribed in relation to issuing attachments and garnishments in other cases. Section 22-1601 provides that a foreign corporation upon becoming domesticated shall have the same powers, privileges and immunities as similar corporations created under the laws of the state and shall be subject to the same obligations, duties, liabilities and disabilities as if originally created under the laws of the state.

Section 56-601 provides that any person having a claim or demand upon any insurance company having agencies or more than one place of doing business, may institute suit against the company in the county where the principal office of the company is located, or in any county where the company shall have an agent or place of doing business.

It is conceded that the proceedings had in the Georgia court conformed in all material respects to the above provisions of the Georgia Code.

The trial court was of the opinion that the proceeding in the Georgia court was in rem; that the claimant could not secure a lien through such proceeding unless the insurance companies had property in Georgia which could be reached by execution; that the mere service of a garnishment process on the agent of a nonresident company was not sufficient to establish a lien until the action had proceeded to judgment and that the lien would then attach only to the property of the garnishee in Georgia as of the date of the affidavit for attachment, and that the debts sought to be garnisheed did not have their situs in Georgia. It accordingly held that the claimant had acquired no lien and should not be permitted to prosecute its proceeding further in the Georgia court.

A statutory proceeding in garnishment strictly speaking is not a proceeding in rem. It partakes both of the nature of a proceeding in personam and a proceeding in rem and may be classified as a proceeding quasi in rem.[1] It notifies the debtor

[1] Tootle v. Coleman, 8 Cir., 107 F. 41, 44, 57 L.R.A. 120; Globe & Rutgers Fire Ins. Co. v. Brown, D.C.La., 52 F.2d 164, 167; A. B. Baxter & Co. v. Andrews, 131 Ga. 120, 62 S.E. 42, 44, 20 L.R.A.,N.S., 268; Pennsylvania R. Co. v. Rogers, 52 W.Va. 450, 44 S.E. 300, 302, 62 L.R.A. 178; Commercial Inv. Trust, Inc., v. William Frankfurth Hardware Co., 179 Wis. 21, 190 N.W. 1004, 1005; 28 C.J. p. 20, § 6.

In Pennsylvania R. Co. v. Rogers, supra, the court said:

"Attachment is in the nature of a proceeding in rem. There is an actual seizure of property, except where it is in the form of garnishment. In the case of garnishment, it retains its character as

not to pay the debt, operates to arrest its payment, fixes a lien upon it and ultimately subjects it to the plaintiff's claim. Thus it operates both on the person of the garnishee and the debt itself.[2] The decisions in the national courts and in many of the state courts are to the effect that for the purpose of garnishment a debt has no fixed situs and may be reached in any jurisdiction in which the person owing it may be found and subjected to process, provided the person to whom it is due could sue his debtor in that jurisdiction.[3] In most jurisdictions where the defendant is a nonresident of the state in which the garnishment proceeding is pending, service must be made upon the defendant without the state by publication or other form of constructive service. However, in some jurisdictions, service of process upon the garnishee is sufficient to authorize the court to proceed to judgment as to the debt garnished.[4] It is the duty of the garnishee to give notice of the garnishment proceeding to the defendant, his creditor.[5]

The decisions of the Supreme Court of Georgia seem to be to the effect that where no personal judgment is sought against the defendant, levy of the writ of attachment upon property of the defendant or service of the writ of garnishment followed by an answer admitting an indebtedness owing by the garnishee to the defendant, is sufficient service to give the court jurisdiction over the property levied upon or the debt garnished. In Albright-Pryor Co. v. Pacific Selling Co., 126 Ga. 498, 55 S.E. 251, 252, 115 Am.St.Rep. 108, the court said: "In attachment cases the levy takes the place of service." It also holds that the service of the writ of garnishment and return of the garnishee showing an indebtedness to the defendant gives the court jurisdiction to render a judgment in rem. In Dearing v. Bank of Charleston, 5 Ga. 497, 513, 48 Am.Dec. 300, the court said: "In attachment, the seizure of the property is considered as notice to all the world." See, also, Mills v. Findlay, 14 Ga. 230, 232.

However, if service by publication on the nonresident defendant is necessary section 81-204 seems to provide therefor. It is entitled, "Service on nonresidents." It reads in part as follows:

"In all cases not embraced within the foregoing provisions, the judge may prescribe extraordinary service according to the exigencies of each case."

In Baltimore & Ohio R. Co. v. Hostetter, 240 U.S. 620, 36 S.Ct. 475, 60 L.Ed. 829, a judgment had been rendered against the railroad company as a garnishee in Virginia. The Virginia statute did not require notice of the garnishment to be given to the nonresident debtor of the plaintiff in the garnishment proceeding. No notice was given. The judgment was attacked in an action in the courts of

one in the nature of a proceeding in rem, although there is no actual seizure of property under the order of attachment, for by service of the order upon the garnishee it arrests the debt in his hands, and holds it through him, subject to the judgment of the court. The claim subjected by garnishment is estate of the principal debtor in the hands of the garnishee, and the proceeding is against it as a res, a thing, and not against the garnishee personally, except to compel him to turn it over to the creditor of the principal defendant in satisfaction of his claim. In every practical sense, it amounts to a seizure of a thing. 'Garnishment is in the nature of a proceeding in rem, since its aim is to invest the plaintiff with the right and power to appropriate, to the satisfaction of his claim against the defendant, property of the defendant's in the garnishee's hands, or a debt due from the garnishee to the defendant.' Drake on Attach. § 452; Wade on Attach. § 338."

2 Harris v. Balk, 198 U.S. 215, 223, 25 S.Ct. 625, 49 L.Ed. 1023, 3 Ann.Cas.

1084; Pennsylvania R. Co. v. Rogers, supra.

3 Harris v. Balk, 198 U.S. 215, 221, 222, 25 S.Ct. 625, 49 L.Ed. 1023, 3 Ann. Cas. 1084; Sanders v. Armour Fertilizer Works, 292 U.S. 190, 204, 205, 54 S.Ct. 677, 681, 682, 78 L.Ed. 1206, 91 A.L.R. 950; Chicago, R. I. & P. Ry. Co. v. Sturm, 174 U.S. 710, 714, 715, 716, 717, 19 S.Ct. 797, 43 L.Ed. 1144; Tootle v. Coleman, 8 Cir., 107 F. 41, 43, 44, 45, 57 L.R.A. 120; National Fire Ins. Co. v. Chambers, 53 N.J.Eq. 468, 32 A. 663, 667, 668; Bristol v. Brent, 38 Utah 58, 110 P. 356, 361; Baltimore & Ohio R. Co. v. Allen, 58 W.Va. 388, 52 S.E. 465, 3 L.R.A.,N.S., 608, 112 Am.St. Rep. 975.

4 Baltimore & Ohio R. Co. v. Hostetter, 240 U.S. 620, 36 S.Ct. 475, 60 L.Ed. 829; L. B. Kerr & Co., Ltd., v. Greenbaum, 22 Haw. 321; 28 C.J. pp. 192, 193, § 240.

5 Harris v. Balk, supra, 198 U.S. 215, at page 227, 25 S.Ct. 625, 49 L.Ed. 1023, 3 Ann.Cas. 1084.

West Virginia on the ground that it was invalid because rendered without service, constructive or otherwise, on the plaintiff's debtor. The Supreme Court held that the judgment was valid and that the full faith and credit clause imposed upon the West Virginia court the duty to recognize its validity and give it effect. See, also, Louisville & Nashville R. Co. v. Deer, 200 U.S. 176, 26 S.Ct. 207, 50 L.Ed. 426.

It is well settled that a foreign corporation authorized to do business in a state and subject to process therein, may be garnisheed on a debt owing to a nonresident of the state,[6] provided the corporation could be sued in such state by its creditor, on the debt sought to be garnisheed.[7]

We think it a fair inference from the record that the insurance companies were authorized to transact business in Georgia as foreign corporations and therefore Kins could have sued the insurance companies in Georgia on the debts sought to be garnisheed. See section 56-601.

It must follow, we think, from the foregoing that under the laws of Georgia the claimant acquired a valid inchoate lien upon the indebtedness due from the insurance companies to Kins on April 10, 1933.

Since this lien arose more than four months prior to the filing of the petition in bankruptcy it was not affected by the bankruptcy proceedings and the claimant had the right to perfect the lien by prosecuting the garnishment proceeding to judgment in the state court.[8] A judgment perfecting the lien may be rendered within the four months' period or even after the filing of the petition in bankruptcy proceedings.[9]

While prosecuting the garnishment proceeding to judgment will perfect the lien and the perfected lien will relate back to the date of the service of the garnishment writs, until so perfected the claimant has only an inchoate lien[10] which he may not enforce against the proceeds of the judgments in the hands of the trustee.

It follows that the trial court erred in enjoining the claimant from prosecuting the garnishment proceedings to judgment and perfecting its inchoate lien.

The insurance companies should not be required to respond both to the claimant and the trustee. The bankruptcy court should set aside sufficient of the proceeds of the judgments against the insurance companies to pay the amount of the judgment which may be rendered in the garnishment proceeding with costs and hold it until the claimant has had a reasonable opportunity to perfect its lien. If the lien is perfected it should be recognized by the bankruptcy court and satisfied out of the impounded funds.

Reversed and remanded for further proceedings in accordance with this opinion. Let the costs be assessed equally against the parties.

Reversed and remanded.

---

[6] Mooney v. Buford & George Mfg. Co., 7 Cir., 72 F. 32; Globe & Rutgers Fire Ins. Co. v. Brown, D.C.La., 52 F. 2d 164; The Cooperfield, D.C.Ala., 7 F.2d 499; Selma, Rome & Dalton R. Co. v. Tyson, 48 Ga. 351; Sutton v. Heinzle, 84 Kan. 756, 115 P. 560, 34 L.R.A.,N. S., 238; Bristol v. Brent, 38 Utah 58, 110 P. 356; Baltimore & Ohio R. Co. v. Allen, 58 W.Va. 388, 52 S.E. 465, 468, 3 L.R.A.,N.S., 608, 112 Am.St.Rep. 975; Ga.Code, 1933, §§ 8-108, 22-1601.

[7] See cases cited in note 3.

[8] Metcalf Bros. v. Barker, 187 U.S. 165, 172–177, 23 S.Ct. 67, 47 L.Ed. 122; Pickens v. Roy, 187 U.S. 177, 180, 23 S.Ct. 78, 47 L.Ed. 128; In re Snell, D.C. Cal., 125 F. 154; In re Snitzer, 7 Cir. 62 F.2d 285; Shabaz v. Henn, 48 Ga. App. 441, 173 S.E. 249; Light v. Hunt, 17 Ga.App. 491, 87 S.E. 763.

[9] In re Beaver Coal Co., 9 Cir., 113 F. 889; Pickens v. Dent, 4 Cir., 106 F. 653; Yumet & Co. v. Delgado, 1 Cir., 243 F. 519, 520; Gatell v. Millian, 1 Cir., 2 F.2d 365; Batchelder & Co. v. Wedge, 80 Vt. 353, 67 A. 828.

[10] Citizens' National Bank v. Dasher, 16 Ga.App. 33, 84 S.E. 482; Anderson v. Ashford & Co., 174 Ga. 660, 163 S.E. 741.