382

John MONTEIRO, Libelant,

v.

**SOCIEDAD MAR. SAN NICOLAS, S.A.** and THE EURYVIADES, her engines, tackle, boilers and appurtenances, etc., Respondents.

United States District Court
S. D. New York.
Oct. 11, 1957.

Lebovici & Safir, New York City, Isaac Salem, New York City, of counsel, for libelant.

Cardillo & Smith, New York City, Charles H. Bridge, Jr., New York City, of counsel, for respondent Sociedad Mar. San Nicolas, S. A.

DAWSON, District Judge.

This is a motion to vacate and set aside service of process.

The action is one by a seaman against a Panamanian corporation for overtime payments under the laws of Panama and also for punitive damages under the laws of the United States for withholding pay the libelant claims is rightfully due him. Another action between the same parties, alleging the same cause of action, was commenced about October 26, 1956 (Docket No. A. 189–325). In that action libelant attempted to obtain jurisdiction over the respondent by serving P. D. Marchessini & Co. (New York), Inc., as agent for the respondent. A motion was made to vacate the service of process and on June 10, 1957, Judge Bryan of this court granted the motion and entered an order dismissing the libel.

Thereafter libelant started the present action as a new action by filing a new libel. In this new libel it is alleged that in the event the respondent cannot be found within the Southern District of New York, then the said respondent has a certain contract claim pending against certain English underwriters in an action pending in this Court and asserts that said respondent's right to recover in the said action brought by it may be attached by *process in personam* with

clause of foreign attachment. The libel further alleges:

"That Mendes & Mount, Esqs., 27 William Street, New York, N. Y., have been designated to accept service of process on behalf of the said garnishees."

The Marshal's return shows that he served *process in personam* with clause of foreign attachment by serving it on a partner of Mendes & Mount, as agent for the garnishees. The papers further show that Mendes & Mount state, without contradiction, that the limit of their authority was to accept process in the other action in which the present respondent was suing the London underwriters on an insurance claim and that they have no authority from the English underwriters to accept service in the present action.

The issue is whether such service, under these circumstances, is sufficient to give jurisdiction to this Court. It is not alleged that the garnishees (the English underwriters) are personally present in this District. Nor is it alleged that the firm of Mendes & Mount has in its possession any property of the garnishees.

The libelant here is attempting to attach the inchoate rights of the respondent herein to the proceeds of another suit wherein the respondent is the claimant and the purported garnishees (the English underwriters) are the respondents. The libelant, in such a situation, might have the right to attach the proceeds of a claim in litigation but it still faces the necessity of securing service of the libel with the clause of foreign attachment upon the garnishee, or its agents or representatives in this District. The libelant seeks to meet this burden in this action solely by alleging that the purported garnishees have authorized a law firm to accept service of process by the respondent in that other action and therefore that the law firm is authorized to accept service of process in this action.

■■ An attorney authorized to appear in an action has an authority limited to that action. He is not a general agent for his client. Similarly, an authorization for counsel to accept service of process for a party in a particular action by a particular libelant does not constitute said counsel as agent for the party for all purposes, nor does it make such counsel an agent to receive service in another unrelated action. Service on Mendes & Mount of the libel in the instant action with a clause of foreign attachment is not sufficient to secure jurisdiction over the garnishees sought to be served.

■ The problem in this case is one of whether the debtor was present in this jurisdiction for purposes of service of process upon him. See Harris v. Balk, 1905, 198 U.S. 215, at page 225, 25 S.Ct. 625, at page 627, 49 L.Ed. 1023, discussing Douglas v. Phenix Ins. Co., 1893, 138 N.Y. 209, 33 N.E. 938, 20 L.R.A. 118. The Court finds that under the terms of the very limited agency granted to Mendes & Mount that the debtor was not present in this jurisdiction for service of process. Resultantly the Court need not consider the question as to whether garnishment may be had in admiralty upon a general agent for the acceptance of process.[1] In all cases the garnishment rules of the jurisdiction must be followed which require, in cases such as this, that the debtor be present in the jurisdiction or subject to process by the would-be

[1]. As to this latter type situation I have been directed to no case dealing with such a garnishment under the admiralty rules. I am aware that there is a conflict in the state courts on this issue. Cf. Mooney v. Buford & George Mfg. Co., 7 Cir., 1896, 72 F. 32; Morris W. Haft & Bros., Inc., v. Wells, 10 Cir., 1937, 93 F.2d 991 and The Copperfield, D.C.S. D.Ala.1925, 7 F.2d 499, with Douglas v. Phenix Insurance Co., 1893, 138 N.Y. 209, 33 N.E. 938, 20 L.R.A. 118; Salm v. Krieg, 1944, 182 Misc. 721, 49 N.Y. S.2d 694. The rules in federal civil suits shed no light on this problem since there is no original *quasi in rem* jurisdiction in the federal courts in civil suits. 7 Moore, Federal Practice par. 64.09.

garnishor. The limited agency in the present case does not meet this requirement.

The motion is granted to the extent of vacating and setting aside the purported service *in personam* with clause of foreign attachment. So ordered.