Rockingham,
No. 4841.

EDWARD J. BURNS *v.* ARTCRAFT PAINTING CO.

Argued November 1, 1960.

Decided December 27, 1960.

*Fuller, Flynn & Riordan (Mr. Fuller* orally), for the plaintiff.

*Devine, Millimet & McDonough (Mr. Millimet* orally), for the defendant Artcraft Painting Co., Inc., the intervenors, United States Fidelity & Guaranty Co., and James F. Murphy, Trustee in Bankruptcy of Artcraft Painting Co., Inc.

BLANDIN, J. The single question transferred to us is: "Was the Agreement for Judgment by the defendant Artcraft Painting Co., Inc., dated July 12, 1958, a preference or fraudulent transfer which would entitle the Trustee in Bankruptcy to intervene in this motion at this time?"

Under 11 U. S. C. A. 96 (supp.) of the Bankruptcy Act, a preference is defined as "a transfer . . . of any of the property of a debtor to or for the benefit of a creditor for or on account of an antecedent debt, made or suffered by such debtor while insolvent and within four months before the filing by or against him of the petition initiating a proceeding under this title, the effect of which transfer will be to enable such creditor to obtain a greater percentage of his debt than some creditor of the same class."

A transfer is defined under s. 1(30) *supra* to include "the sale and every other and different mode, direct or indirect, of disposing of or parting with property or with an interest therein . . . or of fixing a lien upon property . . . voluntarily or involuntarily, by or without judicial proceedings . . . . "

The Act further provides by 11 U. S. C. A. 107 (d) (2) that "Every obligation incurred by a debtor within one year prior to the filing of a petition . . . [in bankruptcy] . . . by or against him is fraudulent (a) as to creditors existing at the time of such transfer or obligation, if made or incurred without fair consideration by a debtor who is or will be thereby rendered insolvent, without regard to his actual intent . . . . " RSA 545:4, our Uniform Fraudulent Conveyances Act, is essentially the same as 107 (d) (2), *supra*.

The plaintiff's lien under his trustee process in his suit against Artcraft attached to the disputed funds on December 13, 1957, judgment for the plaintiff was entered by agreement on July 11, 1958, and the defendant was allegedly petitioned into bankruptcy in the United States District Court for the District of Rhode Island on November 5, 1958. On these facts it would appear that the agreement for judgment would be valid and that no preference or fraudulent transfer resulted under 11 U. S. C. A. 1(30), 96 (supp.), 107 (d) (2) of the Bankruptcy Act or under our Uniform Fraudulent Conveyances Act. RSA ch. 545. The reason is that the judgment here obtained was for the enforcement of an allegedly valid lien acquired more than four months before the petition in bankruptcy was filed, and such a judgment is not affected by the Bankruptcy Act. *Metcalf* v. *Barker*, 187 U. S. 165; *Hurlbutt* v. *Brown*, 72 N. H. 235; see also, *Haft & Bros.* v. *Wells*, 93 F. 2d 991 (10th Cir. 1937). Since no power of avoidance inured to any creditor, none such was conferred on the Trustee under 11 U. S. C. A. 110(e).

The intervenors concede that the present case "superficially

appears to fall within the decision of *Hurlbutt* v. *Brown* . . . ” and the *Metcalf* case. However, they attempt to distinguish these opinions from the present situation on the sole ground that in these cases no issues were raised as to the validity of the claims against the bankrupt. Here the intervenors assert “that the underlying claim [against the bankrupt] is without merit.” In short, they would, in the present proceeding, invalidate the judgment obtained by the plaintiff against the Artcraft Company.

The difficulty with their position is that the question of the validity of the judgment on the grounds that the plaintiff's underlying claim is without merit was not alleged in the petition to intervene and is not before us. Accordingly the answer to the transferred question is no.

*Remanded.*

All concurred.