**Ronald L. WALUTES, Trustee in Bankruptcy for Alexandria Prestressed, Incorporated, a Virginia Corporation, Bankrupt, Appellant,**

**v.**

**BALTIMORE RIGGING COMPANY, Inc., a Maryland Corporation, Appellee.**

**No. 11582.**

United States Court of Appeals
Fourth Circuit.

Argued Jan. 8, 1968.

Decided Feb. 23, 1968.

Dillard C. Laughlin, Arlington, Va. (Phillips, Kendrick, Gearheart & Aylor, Arlington, Va., Robert B. Barnhouse, and Piper & Marbury, Baltimore, Md., on brief), for appellant.

Harvey M. Lebowitz, Baltimore, Md. (Emanuel Gorfine, Morton J. Hollander,

and Hoffberger & Hollander, Baltimore, Md., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, CRAVEN, Circuit Judge, and KELLAM, District Judge.

KELLAM, District Judge.

Ronald L. Walutes, Trustee in Bankruptcy for Alexandria Prestressed, Incorporated, hereafter called Trustee, filed suit in the United States District Court for Maryland against Baltimore Rigging Company, Incorporated, hereafter called Baltimore Rigging, to recover an alleged preferential payment by appellant's Bankrupt. Baltimore Rigging answered denying a preference and alleging it was a secured creditor of the Bankrupt.

Upon the undisputed and stipulated facts, the Court granted appellee's motion for summary judgment, holding that there was no preferential payment. The Trustee appealed. We affirm.

In 1962 Frederick Construction Company, Incorporated, hereafter called Frederick, a general contractor, contracted with Alexandria Prestressed, Incorporated, hereafter called Bankrupt, to perform work on Frederick's contract. Bankrupt engaged Baltimore Rigging to perform services in the sum of $13,282.92, which were completed and billed to Bankrupt about January 1963. Upon nonpayment Baltimore Rigging filed suit in the State Court of Maryland by attachment on original process against Bankrupt, returnable to the first Monday in June 1963. Process was served on Frederick, Garnishee, on May 31, 1963, in conformity with Maryland law. Prior dispute between Frederick and Bankrupt as to the amount due was resolved on July 30, 1963. Counsel for Frederick offered Baltimore Rigging $11,182.92 in payment of the lien of attachment, which sum was accepted and paid. Baltimore Rigging thereafter filed an order in the attachment case reciting the claim had been "paid, settled and satisfied." No answer had been filed by Frederick or Bankrupt and no judgment of Condemnation Nisi or Absolute was entered. On October 11, 1963, more than four months after service of the attachment, an involuntary petition in bankruptcy was filed against Bankrupt in the District Court for the Eastern District of Virginia, and Bankrupt was duly adjudicated a bankrupt on October 21, 1963. Thereafter Trustee instituted this action alleging that the aforesaid payment of $11,182.92 to Baltimore Rigging in the attachment proceedings created a voidable preference because not paid pursuant to order of the Court. Trustee admits that under Maryland law the service of an attachment on original process creates an inchoate or contingent lien, and that if the attachment had proceeded to judgment against the Bankrupt and Frederick, there would be no right of recovery here; but that inasmuch as the attachment action was dismissed after payment of the funds in hand and before judgment, the lien of the attachment, which was more than four months prior to bankruptcy, was lost, and a preference was created within the meaning of the Bankruptcy Act.

Section 60 of the Bankruptcy Act,[1] in paragraph (a) (1) defines a preference as a transfer of any of the property of a debtor to or for the benefit of a creditor for or on account of an antecedent debt while insolvent and within four months before filing by or against him of a petition initiating bankruptcy, the effect of which will enable such creditor to obtain a greater percentage of his debt than some other creditors of the same class. Paragraph (a) (2) provides that for the purposes of said section a transfer of property (other than realty) is deemed to have been made at the time when it became so far perfected that no subsequent lien upon such property obtainable by legal or equitable proceedings on a simple contract could have become superior to the rights of the transferee. Paragraph (a) (4) provides that a lien obtainable by legal or equitable proceedings upon a simple contract is a lien arising in the ordinary course of such

---

1. 11 U.S.C. § 96.

proceedings upon entry or docketing of a judgment or decree, or upon attachment, garnishment or execution, whether before, upon, or after judgment or decree, and whether before or upon levy.

█ Service of the writ of attachment by way of garnishment on Frederick created in Baltimore Rigging an inchoate lien on Bankrupt's property, credit or funds in the hands of Frederick at the time of service,[2] which, in this case was May 31, 1963, and judgment may be rendered thereon even after filing of bankruptcy.[3] In discussing the language of the Bankruptcy Act, the United States Supreme Court said in Metcalf v. Barker, 187 U.S. 165, at 174, 23 S.Ct. 67, at 71, 47 L.Ed. 122:

> In our opinion the conclusion to be drawn from this language is that it is the lien created by a levy, or a judgment, or an attachment, or otherwise, that is invalidated, and that where the lien is obtained more than four months prior to the filing of the petition, it is not only not to be deemed to be null and void on adjudication, but its validity is recognized. When it is obtained within four months the property is discharged therefrom, but not otherwise. A judgment or decree in enforcement of an otherwise valid pre-existing lien is not the judgment denounced by the statute, which is plainly confined to judgments creating liens. If this were not so, the date of the acquisition of a lien by attachment or creditor's bill would be entirely immaterial.

The lien acquired by levy of the attachment more than four months prior to bankruptcy was not lost by reason of the bankruptcy[4], and such liens have been recognized as valid and subsisting for the purposes of bankruptcy proceedings.[5]

█ In the case at bar Bankrupt and Frederick admitted and agreed the sum due Baltimore Rigging was $11,182.92; they were ready, willing and able to pay said funds, and when tendered there was no reason why Baltimore Rigging should not accept payment. Retaining the lien could do no more than guarantee payment. Acceptance of the sum in hand covered payment. Baltimore Rigging was entitled to nothing more, or nothing less. Once the debt was paid, no judgment could be entered. Nothing would have been accomplished by refusing payment, having judgment entered, and then paying the funds to satisfy the judgment.[6] By accepting payment, the lien was satisfied.

The purpose of the provisions of the Act[7] is to prevent a preference and prevent a creditor from obtaining a greater percentage of his debt than some other creditor of the same class. By applying the funds to the payment of the lien and then releasing the lien did not diminish the assets which would have otherwise been available to general creditors. That is the intent and plan of the provisions of the Bankruptcy Act in dealing with voidable preferences. Here no preference resulted.

Affirmed.

---

2. Deifert v. State, 150 Md. 687, 133 A. 847 (1926); International Bedding Co. v. Terminal Warehouse Co., 146 Md. 479, 126 A. 902, 40 A.L.R. 960; Ohio Brass Co. v. Clark, 86 Md. 344, 37 A. 899; Thomas v. Brown, 67 Md. 512, 10 A. 713; Cooke v. Cooke, 43 Md. 512; Morris W. Haft & Bros., Inc. v. Wells, 93 F.2d 991 (10th Cir. 1937).

3. Metcalf Bros. v. Barker, 187 U.S. 165, 23 S.Ct. 67, 47 L.Ed. 122; Pickens v. Roy, 187 U.S. 177, 23 S.Ct. 78, 47 L.Ed. 128; Morris W. Haft & Bros. v. Wells, supra, and cases there cited.

4. Metcalf v. Barker, 187 U.S. 165 at 174, 23 S.Ct. 67, 47 L.Ed. 122; Buschmann v. Hanna, 72 Md. 1, 18 A. 962.

5. Kendrick & Roberts, Inc. v. Warren Bros. Co., 110 Md. 47, 72 A. 461; Crook-Horner Co. v. Gilpin, 112 Md. 1, 75 A. 1049.

6. In re Demountable Corp., 58 F.Supp. 955 (D.C.S.D.Fla.1945) where Court held "that which could have been done by plaintiff should be treated as having been done."

7. 11 U.S.C. § 96.