# BALTIMORE AND OHIO RAILROAD COMPANY *v.* HOSTETTER.

## ERROR TO THE CIRCUIT COURT OF MARION COUNTY, STATE OF WEST VIRGINIA.

No. 245.  Submitted January 25, 1916.—Decided April 10, 1916.

The wages of an employee residing in West Virginia having been garnisheed in the hands of his employer in Virginia, judgment was entered without notice to the employee, none being required under the Virginia statute, and paid by the garnishee; the employee then sued for his wages in West Virginia and the courts of that State refused to enforce the Virginia judgment for want of service; *held* error and that under the full faith and credit provision of the Federal Constitution the judgment of the Virginia court protected the garnishee.

THE facts, which involve the construction and application of the full faith and credit provision of the Constitution of the United States, are stated in the opinion.

*Mr. George E. Hamilton, Mr. Francis R. Cross* and *Mr. A. Hunter Boyd, Jr.,* for plaintiff in error:

When a creditor of the garnishee's creditor has obtained a judgment against the garnishee debtor in accordance with the laws of the place where the garnishee debtor was personally served, then the garnishee debtor may plead this judgment as a defense to a suit by his own creditor in another jurisdiction, provided he was not negligent in giving his own creditor notice of the attachment proceeding, so that he might have had the opportunity to defend himself. *Chi. &c. Rock Island Ry.* v. *Sturm,* 174 U. S. 710; *Harris* v. *Balk,* 198 U. S. 215; *Louis. & Nash. R. R.* v. *Deer,* 200 U. S. 176.

*Mr. W. H. Conaway* and *Mr. Harry A. Shaw* for defendant in error:

Omission to show in the return of service that it was in the county where the agent resides renders the service invalid, and in such case the court obtains no jurisdiction of the res, for want of service on the garnishee; nor can the garnishee accept or waive service.

Voluntary appearance by garnishee does not confer jurisdiction, nor can he give jurisdiction by voluntary appearance, when not previously served with the order of attachment, nor where an attempted service is invalid. *Penn Co.* v. *Rogers,* 52 W. Va. 451.

Where defendant is a non-resident and cannot be served, jurisdiction of the fund attached cannot be acquired by service of process on the garnishee in Virginia. *Door* v. *Rohr,* 82 Virginia, 259; Va. Code, § 2979; *Bickle* v. *Chrisman,* 76 Virginia, 691; *Roberts* v. *Hickory Co.,* 58 W. Va. 276.

The proper place to attach by garnishment is at the place (and State) of the residence of the debtor. Sams on Attachment, p. 207; *Roller* v. *Murray,* 71 W. Va. 161.

A domestic corporation cannot be garnisheed in another jurisdiction by service upon an agent for debts owing by it to a home creditor, over whose person jurisdiction is not acquired. *Douglas* v. *Phœnix Ins. Co.,* 138 N. Y. 209; *Bullard* v. *Chaffee,* 61 Nebraska, 83; *Balk* v. *Harris,* 30 S. E. Rep. 318.

Exemption of wages by the law of the State in which is the residence of both debtor and creditor and the place where the wages are payable cannot be defeated by garnishment pending in another State, although the debtor is a railroad corporation which has a residence also in such other State. *Ill. Cent. R. R.* v. *Smith,* 19 L. R. A. 577; see also *Singer Mfg. Co.* v. *Fleming,* 23 L. R. A. 210; *American Co.* v. *Ins. Co.,* 40 Am. Rep. 522.

A court has no power to render a judgment condemning

a debt, in a garnishment proceeding, where the situs of the debt is not within the jurisdiction of the court. *Georgia Ry.* v. *Brinson,* 77 Am. Rep. 382; *Buckeye Co.* v. *Fee,* 78 Am. Rep. 743; *Louis. & Nash. R. R.* v. *Nash,* 72 Am. Rep. 181; *Balk* v. *Harris,* 70 Am. Rep. 606.

Mr. Chief Justice White delivered the opinion of the court.

Hostetter, the defendant in error, a resident of West Virginia, sued in a justice's court in that State for wages due him by the Railroad Company, now plaintiff in error. The defense was that the wages had been paid by the Railroad Company as the result of a garnishment proceeding taken against it in the State of Virginia where it was suable to enforce a judgment rendered in Virginia against Hostetter when he resided in that State and after a domiciliary service on him. The case went from the justice's court for a *de novo* trial to the intermediate court of Marion County where as the result of a verdict against the Railroad Company it was condemned to pay again, the court holding that the Virginia garnishment proceeding was not entitled to be enforced as against Hostetter under the full faith and credit clause of the Constitution of the United States because he was not served with process in such proceeding, he then residing in West Virginia, although extra-judicial notice was given him by the Railroad Company of the proceeding. The case is here on writ of error to review the judgment of the court below affirming that of the intermediate court, and whether proper force was given to the full faith and credit clause is the question for decision.

It is true that in the argument for the defendant in error various suggestions are made as to the insufficiency of the record concerning the existence of the Virginia judgment upon which reliance on the full faith and credit

clause was placed on the ground that the record contains mere recitals with reference to the judgment, etc., etc. For the sake of brevity we do not stop to review these suggestions, although we have considered them all, since we think. they are not only without merit but many of them are in effect frivolous because in our opinion the record suffices to establish the facts which were stated by the court below as the basis for its judgment, and which we briefly recapitulate as follows:

The plaintiff in July, 1911, resided at Clifton Forge, Virginia, and was indebted to one Wagner in the sum of $35, for which debt Wagner obtained a judgment against him in a justice's court of Virginia based upon a summons served "on said plaintiff . . . by delivering a copy thereof to the wife of the plaintiff at his usual place of abode. . . . Said record further shows . . . that on the 17th day of September, 1912, a garnishee summons was issued by H. H. Harlow, a Justice of the Peace in the City of Staunton, Virginia, . . . which garnishee summons was directed against the said Baltimore and Ohio Railroad Company . . . charging that it had money, or other personal estate, in its possession or control belonging to the said Hostetter, and requiring the said Railroad Company to appear . . . to answer said garnishment or suggestion; . . . and that on the 3rd day of October, 1912, said justice last above named rendered a judgment against the said Hostetter and the Baltimore and Ohio Railroad Company in favor of the said Wagner in the sum of $38.40, with interest. . . . In this garnishment or suggestion proceeding, no notice or process of any kind was given to or served upon the said Hostetter, he then being a resident of this State [West Virginia], and had been such resident for more than a year previous to the date of the institution of the garnishment proceeding. From this said last-named judgment the Baltimore and Ohio Railroad Company

appealed to the Corporation Court of the City of Staunton, and this appeal was heard and passed upon by said court on the 27th day of February, 1913. So far as the record shows, no notice of such proceeding in the courts of Virginia was given to the defendant until on or about the 14th day of February, 1913, when the said Railroad Company did notify, in writing, the said Hostetter of the pendency of the said garnishment proceedings on appeal in said Corporation Court. . . . It is not contended that any formal notice was given to said Hostetter of the garnishment proceedings for the reason that the Statute of Virginia under which said proceeding was instituted does not require notice to be given a non-resident of that State of the pendency of the garnishment or suggestion."

Although the railroad had paid in virtue of the judgment rendered in the garnishment proceeding taken as above stated, the court agreeing in opinion as we have said with the trial court, held that the garnishment proceeding and the judgment in it were no protection to the Railroad Company because there was no power in the Virginia courts to garnishee in that State in the hands of the railroad a sum of money due by it to an employee domiciled in another State without service on such employee in Virginia, and that the full faith and credit clause imposed no duty to enforce a judgment in garnishment proceedings affected with the want of power stated.

In view of the decisions of this court dealing with the exact situation here presented and expressly holding that the principles upon which the court below based its action were erroneous and could not be upheld consistently with the duty to apply and enforce the full faith and credit clause, we need do no more than cite the cases referred to. *Chicago, R. I. & P. Ry.* v. *Sturm,* 174 U. S. 710; *Harris* v. *Balk,* 198 U. S. 215; *Louis, & Nash. R. R.* v. *Deer,* 200 U. S. 176.

As it follows that the judgment below in so far as it compelled the railroad to pay the second time the sum which it had discharged under the Virginia judgment was erroneous, it must be reversed and the case remanded for further proceedings not inconsistent with this opinion.

*And it is so ordered.*