J. L. WATSON v. SEABOARD AIR LINE RAILWAY COMPANY.

(Filed 12 March, 1930.)

**Judgments O b—Judgment in garnishment in another state according to its laws is defense to action for salary garnished.**

Where a corporation does business in this State and in another State, and is a citizen of both, and has been garnished there for salary of an employee residing in this State after personal service on it and service by publication on the employee according to the law of the other State, and has been required to pay a valid judgment in the proceedings there, in an action brought by the employee here the judgment of the other State will be given full faith and credit under the provisions of the Federal Constitution, Art. IV, sec. 1, and is a bar to the action brought here, though the plaintiff in the former action may have originally proceeded in either jurisdiction.

APPEAL by plaintiff from *Small, J.,* at September Term, 1929, of WARREN. Affirmed.

Plaintiff brought suit to recover $196.60 alleged to be due for services rendered the defendant. The case was heard upon the following agreed statement of facts:

The plaintiff is a resident of Warren County, N. C., and now resides at Norlina. The Seaboard Air Line Railway Company, defendant, is a corporation, both of the State of Virginia and State of North Carolina, and does business as a common carrier of freight and passengers in both states, and in several other of the Southern States, having its principal office at Norfolk, Virginia. The plaintiff is an employee of the defendant, and has been for many years; he is now, and has been for more than four years prior to the commencement of this action, the defendant's section agent and telegraph operator at Paschall, North Carolina. He is paid for services rendered the defendant by a check, voucher or draft, which is sent out from Portsmouth, Va., and upon which is printed the name of Matthews, treasurer of said company. The printed check, voucher or draft, is forwarded to the defendant's division paymaster in the city of Raleigh, and by him a monthly payroll is made out. This check, voucher or draft is then signed in the city of Raleigh by one F. M. Buck, whose office is in Raleigh, and is then sent by the said paymaster from the city auditor's office to the plaintiff's place of business at Paschall, North Carolina. The checks, vouchers or drafts, attached to this agreement, become part of it. The draft is drawn on the treasurer of the company at Portsmouth, Va., and is paid there.

WATSON *v.* R. R.

Form of check:

Form 1027.

SEABOARD AIR LINE RAILWAY COMPANY.

No Protest.                                      No. 3—38—75.   7—2.

Portsmouth, Va., 1 August, 1928.

Treasurer Seaboard Air Line Railway Company,
        Portsmouth, Virginia.

Pay to the order of............ ...................................................J. L. Watson
Sixty-seven & 20/100 Dollars .......................................................$67.20
In full for services rendered second half month during the sixty days
from date of July, 1928.

            Payment will not be made after September, 1928.

    Not negotiable unless countersigned.
    Not valid if drawn for more than two hundred dollars.

                                                F. M. BUCK,
                                                *for General Auditor.*

Some time prior to 27 November, 1928, Fleishman-Morris Company, creditor of the plaintiff, in a proceeding instituted in civil justice court in the city of Richmond, sued out an attachment, and by process duly served upon the defendant's agent in Richmond, garnished and attached plaintiff's salary, and collected the same from the defendant company, to the amount of $196.60. The defendant company had plaintiff's checks, vouchers or drafts, which were issued to him from the defendant's auditor's office in Raleigh, N. C., returned or forwarded to the city of Richmond, Va., and money due thereon was paid by defendant company to the attaching creditor of the plaintiff, after a judgment had been rendered in the aforesaid court, no personal service of summons being made upon J. L. Watson, plaintiff. In the action brought by Fleishman-Morris Company the defendant appeared and endeavored to have the attachment dismissed on the ground that it had been improperly instituted and was invalid, but the civil justice court overruled .the objection and held that the attachment was validly and properly instituted. In the action brought by Fleishman-Morris Company, hereinbefore referred to, summons was served on J. L. Watson by publication and personally on the railway company. The plaintiff had knowledge of the proceedings by letter from the defendant. The law of attachment of the State of. Virginia, at all times referred to herein, is set forth in section 6379 of the Virginia Code as follows: "The following shall be sufficient grounds for an attachment: That the principal defendant, or one of the principal defendants: (1) is a foreign corporation, or is not a resident

of this State, and has estate or debts owing to said defendant within the county or city in which the attachment is . . . The word 'estate,' as herein used, shall include all rights or interests of a pecuniary nature which can be protected, enforced, or proceeded against in courts of law or equity."

Upon the foregoing facts it was adjudged that the plaintiff take nothing by his action, and he excepted and appealed.

*John H. Kerr for plaintiff.*

*Williams & Banzet, Murray Allen, and J. Pearson Upchurch for defendant.*

ADAMS, J. It was shown in the suit prosecuted in Virginia that the plaintiff in this action was the principal debtor of the Fleishman-Morris Company, a mercantile concern in the city of Richmond, and was not a resident of that State. He was a resident of North Carolina and was served with summons by publication. The defendant, a corporation both of Virginia and of North Carolina, having its principal office in Norfolk, was served personally. Watson, the plaintiff herein, had knowledge of the proceedings in the Virginia court, but did not appear or set up any defense. The railway company resisted the attachment and refused to pay the creditor's claim until it should be finally determined by a valid judgment. The Fleishman-Morris Company recovered judgment and the railway company's indebtedness to the plaintiff was condemned and applied under the attachment in payment or part payment of the judgment.

This appeal is controlled by the law as stated in *Chicago, Rock Island & Pac. Ry. Co. v. Sturm,* 174 U. S., 710, 43 L. Ed., 1144. It appeared in that case that the railway company was a corporation duly organized under the laws of the States of Illinois and Iowa, doing business in the State of Kansas. Sturm brought suit in Kansas against the railway company to recover $140 for wages and recovered judgment for this amount with interest and costs. A. H. Willard had previously commenced an action against Sturm in a justice's court in Iowa to recover $78.63 with interest, had sued out a writ of attachment and garnishment, and had garnished the railway company which was indebted to Sturm at that time in the sum of $77.17 for wages. Sturm contended that his wages were exempt under the laws of Kansas and were not subject to proceedings in garnishment. Notwithstanding the garnishment in Iowa, Sturm recovered judgment against the railway company in Kansas and the judgment was affirmed by the Supreme Court. The Supreme Court of the United States reversed the judgment, holding the general rule of law to be that for the purpose of founding administra-

tion all simple contract debts are assets at the domicile of the debtor; that exemption laws are not a part of the contract but of the remedy, subject to the law of the forum; that jurisdiction in garnishment of a debt due a nonresident creditor may be acquired without service on him except by publication; and that full faith and credit must be given in each State to the public acts, records, and judicial proceedings of every other State. Constitution, Art. IV, sec. 1.

In *Harris v. Balk*, 198 U. S., 215, 49 L. Ed., 1023, the facts were as follows: Harris, a resident of North Carolina, was indebted to Balk, also a resident of North Carolina, in the sum of $180. Balk was indebted to Jacob Epstein of Baltimore in the sum of $300. Harris went to Baltimore to purchase merchandise and Epstein caused to be issued a nonresident writ of attachment against Balk, and attached the amount due Balk from Harris. A writ of summons and a declaration against Balk (as provided by the Maryland statute) were delivered to the sheriff and by him posted at the courthouse door, as required by the law of Maryland. Before the return day Harris came back to North Carolina, and through his counsel in the Maryland proceeding consented to an order of condemnation against him as garnishee of his debt to Balk. Harris paid this amount to Epstein's counsel. Balk then sued Harris in North Carolina, and Harris pleaded the Maryland judgment in bar. This plea was not allowed, and on appeal the judgment was affirmed by the Supreme Court. In reversing the judgment the Supreme Court of the United States said: "If there be a law of the State providing for the attachment of the debt, then, if the garnishee be found in that State, and process be personally served upon him therein, we think the court thereby acquires jurisdiction over him, and can garnish the debt due from him to the debtor of the plaintiff, and condemn it, provided the garnishee could himself be sued by his creditor in that State."

Substantially the same principle was upheld in *Baltimore & O. R. Co. v. Hostetter*, 240 U. S., 620, 60 L. Ed., 829.

The wages sought to be recovered in this action are the wages that were attached; the law of Virginia provided for the attachment of the debt; the garnishee was a Virginia corporation; the plaintiff could have maintained an action against the defendant in North Carolina or in Virginia; and jurisdiction was acquired by the Virginia court by constructive service on Watson, and by garnishment of the debt due him and by personal service on his employer. Under these conditions the cited cases fully sustain the judgment of the Superior Court. The appellant cites *Mo. Pac. Ry. Co. v. Sharitt*, 43 Kan., 375, but this case was disapproved in *Ry. Co. v. Sturm, supra*.

Affirmed.