**LEEDS, INC., Appellee v. LOUISVILLE & NASHVILLE RAILROAD COMPANY, Appellant.**

Ohio Appeals, First District, Hamilton County.

No. 6237. Decided March 22, 1943.

370

Mr. Morris J. Leher, for appellee.

Messrs. Dinsmore, Shohl, Sawyer & Dinsmore, Cincinnati, for appellant.

## OPINION

By ROSS, P. J.

Appeal on questions of law from a judgment of the Municinal Court of Cincinnati, Ohio, against the defendant, a garnishee who has refused to pay the creditor of its debtor employee pursuant to a former order made in proceedings in aid of execution.

The simple question of law presented by the appeal is whether the Municipal Court of Cincinnati may sustain a garnishment against the defendant, a Railroad Company, upon whom it has obtained personal service of summons, based upon a debt owing by the Railroad Company to its employee, a resident of Kentucky, receiving his pay from the railroad in Kentucky, but who contracted the debt to the plaintiff in Ohio, and where it appears the railroad company also does business and has property within the jurisdiction of the Municipal Court of Cincinnati.

The answer to this question is that such garnishment may be sustained. The authorities on the question are not all in accord. The conclusions in the cases considered have usually

been controlled by the determination as to the situs of the debt owing by the garnishee to the employee.

This conflict is well stated in Harvey v Thompson, 128 Ga. 147:

"The question as to where is the situs of intangible property, such as choses in action, for the purpose of attachment and garnishment, is one that has been subject of numerous decisions. The conflict of opinion on the subject is distressing and hopeless. In some cases it is held that the situs, for the purpose of garnishment proceedings, is the domicile of the principal defendant, in others that it is the domicile of the garnishee, and still others that it is the domicile of the debtor or wherever he may be found and sued. 20 Cyc. 1036; Brown on Jurisdiction, 2 Ed., Sec. 150."

However, in Harris v Balk, 198 U. S. 215, the Court say:

"Attachment is the creature of the local law; that is, unless there is a law of the state providing for and permitting the attachment it cannot be levied there. If there be a law of the state providing for the attachment of the debt, then if the garnishee be found in that state, and process be personally severed upon him therein, we think the court thereby acquires jurisdiction over him, and can garnish the debt due from him to the debtor of the plaintiff and condemn it, provided the garnishee could himself be sued by his creditor in that state."

If the instant judgment against the defendant is satisfied, this would be a bar to any subsequent action either by the plaintiff creditor or the debtor employee elsewhere. See: Restatement, Conflict of Laws, p. 166; Harris v Balk, supra; L. & N. R. R. v Deer, 200 U. S., 176; B. & O. R. R. Co. v Hostetter, 240 U. S. 620.

Such protection does not apply where the employer, the employment, and the prevailing obligation are in a foreign country, which will not recognize such satisfaction. See: Weitzel v Weitzel, 27 Ariz., 117, where many of the authorities noted herein are discussed in the opinion.

If the defendant railroad company refused to pay its employee in Kentucky, there can be no question that such employee might sue the railroad company in this state if proper

service were obtained upon it, and such railroad company was doing business as it is in the jurisdiction of the Court.

What has been said thus far shows how the weight of authority presses in favor of sustaining the garnishment. This is illustrated also in the notes in 27 A. L. R. p. 1399, also in Section 108, Restatement, Conflict of Laws, p. 165, where in the latter authority it is stated:

"A state can exercise through its courts jurisdiction to compel payment by a debtor who is subject to the jurisdiction of the state of a claim against him in favor of his creditor and to apply the proceeds to the satisfaction of a claim asserted by a third person, as plaintiff, against the creditor, although the state has no jurisdiction over the creditor."

"Illustration:

1. A has a claim against B for a debt of $1000 and B has a claim against C for a debt of $500. A brings an action against B in a court of state X and serves a summons upon C who is temporarily in X. B is domiciled in state Y and is served with a summons in Y. B fails to appear in the action. The court has jurisdiction to give a judgment that A recover $500 from C, and payment of the judgment by C gives a defense to B's claim against him, which will be recognized as valid in other states."

See also: Vol. 12 University of Cincinnati Law Review, p. 414, annotating this section 108 Conflict of Laws—where the several Ohio authorities are noted.

It is the claim of the defendant garnishee that Ohio does not appear in the column favoring such power in our Courts. The first case noted by defendant is that of **American Sheet & Tin Plate Co. v Lewis, 20 O. C. C. (N. S.) 443**. This case is in direct conflict with the general rule. It is largely based upon the case of **The Buckeye Pipe Line Co. v Fee, 62 Oh St 543**. The second paragraph of the syllabus of the Fee case is:

"Our statutes regulating attachment and garnishment (sections 5522, Revised Statutes, and following), do not give to the court issuing such process jurisdiction over property of the defendant situate wholly beyond the borders of the state, nor power to require a garnishee having property of the defendant in his possession without the state to surrender the

same into the custody of the court, and an order on the garnishee requiring such act is without legal effect."

In this case by order of garnishment, the plaintiff in an Ohio Court sought to reach 1036 barrels of oil held by the defendant "garnishee" in Indiana to the order of the judgment debtor.

In the opinion the reason for the conclusions of the Court expressed in the portion of the syllabus quoted is apparent:

"Coming now to the merits of the case, the question presented is whether or not the court of Allen County had, by virtue of the attachment proceedings, such control or jurisdiction over the property of the defendants situate in Indiana, and in the possession of the Company, as to enable it to make a valid order requiring the garnishee to produce that property in Allen County and surrender it into the custody of the Court. And as to the garnishee, the question is not merely, whether the garnishee had property of the debtor in its hands, but whether it had the property under such circumstances as to make it answerable for it in Allen County.

"It is to be remarked at the outset that an attachment proceeding is exclusively a statutory one, and hence we look to our law regulating attachments for the source of authority to the court and its officers. What that statute lawfully authorizes, the plaintiff in attachment is entitled to demand; what it fails to authorize he may not demand, for it is well established that equity does not and cannot aid the statute. The purpose of the statute is to reach the property of defendant in the suit, and subject to the demand of the plaintiff. In this aspect an attachment proceeding is in the nature of a proceeding in rem, and, as in all proceedings in rem, the thing against which the proceedings are directed must be brought within the jurisdiction of the court. 1 Green. En. Sections 542-3. The proceeding reaches out for the tangible property of the defendant, to be levied on directly by the officer or obtained by garnishee process served on one who may have property of defendant in his possession which the officer cannot get at, or may be owing the defendant. The term attach implies seizure. As stated by Hosmer, C. J., in Hollister v Goodale, 8 Conn., 332: 'The word attach, derived remotely from the Latin term attingo, and more immediately from the French attacher, signifies to take or touch, and was adopted as

a precise expression of the thing; nam qui nomina intelligit, res etiam intelligit. The only object of attachment is to take out of the defendant's possession, and to transfer into the custody of the law, acting through its legal officer, the goods attached, that they may, if necessary, be seized in execution, and be disposed of and delivered to the purchaser. From both these considerations it is apparent that to attach is to take actual possession of property. Hence, the legal doctrine is firmly established that to constitute an attachment of goods, the officer must have actual possession and custody.' This well states the principle at the foundation of the law of attachment, and is to be kept in mind as having an important bearing on the question here. As ancillary to it is the other method of getting at the property by process of garnishment already referred to."

And, again, at page 558 of the opinion it is stated:

"No question is or could be made that property without the state can, by virtue of a process of attachment, be seized by an Ohio officer, and of course such property could not be delivered into court. And it seems to us clear, that, notwithstanding the somewhat general language of the statute respecting garnishment, the property in the garnishee's hands, for which he must answer, is intended by the statute to be limited to property within the state, for it could hardly have been the intention of the general assembly to give a plaintiff in attachment greater power over the tangible property of his debtor situate out of the state by virtue of garnishment than would be possible by the direct process of attachment. On the contrary it would seem, considering all the statutes together, that the intent is clearly manifest that property which may be sequestered in the hands of a garnishee must be within the state in order that it may be taken and sold to satisfy such judgment as may be obtained against the debtor, for it is in contemplation that the officer will seize the property in the possession of the garnishee if he is able to get at it; also that the garnishee may voluntarily surrender it to the officer. The inference seems reasonable that property to be so reached is intended to be confined to such as would be subject to seizure by attachment or execution if in the hands of the debtor himself."

And, again, at p. 562:

"Now it is conceded in argument by defendant in error that 'the liability and rights of this garnishee to this attaching creditor are measured by its liability to Miller, Tallmage & Russell.' That is, if under the facts as they existed at the time of the attachment and garnishee process were issued, Miller, Tallmage & Russell could have maintained in Allen County replevin against the Company for this oil, and, failing to obtain possession of the oil, would have been entitled to a recovery for its value, then Fee would have the right to reach the same result by attachment and garnishment. But could Miller, Tallmage & Russell have maintained such an action in Allen County at that time? Manifestly not. The option of selecting the point of delivery had not been exercised by the Company as no action by the owners had called for its exercise."

It seems clear that the Circuit Court in the Lewis case extended the principle employed in the Fee case far beyond the reasonable intendments of the latter decision. In other words, the Fee case is not an authority for the conclusion reached in the Lewis case.

The next case to which our attention is directed by the defendant garnishee is that of **Emerman v The Trimble-Mudge Co., 11 Oh Ap 360.** The effect of this opinion is merely to hold that constructive service may not be obtained against a non-resident defendant by a non-resident plaintiff in an Ohio court by garnisheeing a debt owed by a foreign corporation ("capable of suing and being sued" in an Ohio court) to such non-resident defendant. The debt was based on material delivered by the non-resident defendant to the garnishee in Ohio. The debt was payable in Pittsburgh, Pennsylvania. The decision is based upon two cases: **American Sheet & Tin Plate Co. v Lewis, 20 C. C. (N. S.) 443;** Reimers, et al. v. Seatco Mfg. Co., et al., 70 Fed. Rep., 573. This latter case merely sustains the rule stated in the Emerman case. The question presented is stated in the first paragraph of the opinion:

"The question in this suit is whether, in a suit brought by a resident and citizen of Illinois against a resident and citizen of the state of Washington in the state of Michigan, a court of the latter state can acquire jurisdiction in rem to

pronounce judgment against the nonresident defendant to the extent of a debt owed to the defendant by a corporation resident and citizen of Illinois doing business in Michigan, and liable by the laws of Michigan to the service of process in garnishment in the state. The question of jurisdictin is raised by the defendant against whom such a judgment is sought."

Again, it is apparent the decision is limited to the question of obtaining constructive service through garnishment. This is not the question instantly presented. None of the authorities hereinbefore mentioned as sustaining the principle permitting garnishment of the debt for the purpose of a judgment are considered.

The case of **Riter-Conley Mfg. Co. v Mzik, 3 C. C. (N. S.) 125,** is in line with the weight of authority permitting garnishment under conditions similar to those extant in the instant case.

The general law has been noted and shown to be in accord with sustaining the garnishment under the facts of this case. Some Ohio authority, as has been observed, is also in accord. No controlling Ohio authority has been cited or found adverse to the general rule. Those inferentially indicating a different conclusion are not binding upon this Court.

The better rule is that where the principal judgment debtor could recover in an action in an Ohio jurisdiction against his debtor, although the debt was primarily owing outside the state of Ohio, neither this fact nor his non-residence, or that the debt was incurred outside Ohio should militate against sustaining a garnishment against the debtor of such nonresident if valid service may be had upon the garnishee. This court is not called upon to decide, nor is it here decided that constructive service may be obtained against a non-resident by garnisheeing a debt, contracted in and owing in a jurisdiction outside of this state. This matter deals with the subject of process, with which we are not here concerned. Obviously such rule as is here announced does not apply to chattels or other property not actually in the jurisdiction of the Ohio Court.

The judgment of the Municipal Court of Cincinnati is affirmed.

HILDEBRANT and MATTHEWS, JJ., concur.