UNITED STATES RUBBER COMPANY,
Appellant,

v.

Allan L. POAGE, Trustee of Paul Wanner
Carter, Bankrupt, Appellee.

No. 19038.

United States Court of Appeals
Fifth Circuit.

Jan. 2, 1962.

Brooks L. Harman, Kenneth C. Farnsworth, Stowe & Harman, Odessa, for appellant.

Allan L. Poage, El Paso, Tex., Travers Crumpton, Fort Stockton, Tex., for appellee.

Before TUTTLE, Chief Judge, and HUTCHESON and RIVES, Circuit Judges.

JOSEPH C. HUTCHESON, Jr., Circuit Judge.

This is an appeal from an order denying the appellant's petition for review and affirming referee's findings entered by the United States District Court for the Western District of Texas, on April 20, 1961 in a cause in bankruptcy.

The facts out of which this appeal arises are as follows: Paul W. Carter operated a business known as the Monarch Machine and Supply Company in Fort Stockton, Texas. On or about January 19, 1959, his business was destroyed by fire. His petition in bankruptcy was filed on September 25, 1959. Thereafter, on April 15, 1960, the United States Rubber Company, the appellant herein, filed in Carter's bankruptcy proof of both secured and unsecured claims, to the former of which appellee, Carter's trustee in bankruptcy objected. A hearing on the objections was held before a referee in bankruptcy, who entered findings of fact and conclusions of law sustaining the objections of the trustee. Upon a hearing pursuant to appellant's petition for review of the findings and conclusions of the referee, the United States District Court for the Western District of Texas affirmed and sustained the findings and conclusions of the referee and denied the petition for review. This appeal followed.

In the course of his business Carter had dealt with appellant and incurred an open account in the amount of $14,293.49. The basis for appellant's claim to security for part of this debt was and is a judgment entered by the Civil Court of DeKalb County, Georgia on April 8, 1959, more than four months prior to the filing of the petition in bankruptcy. It is the validity and effect of this judgment which is in issue here.

Carter carried a fire insurance policy with the Trinity Universal Insurance Company, a Texas corporation, in the amount of $6,000.00. Subsequent to the destruction by fire of Carter's business, on January 28, 1959, appellant filed a declaration in attachment in the Civil Court of DeKalb County, Georgia, alleging that Carter was indebted to appellant in the amount of $4,700.65, and naming the Trinity Universal Insurance Company as garnishee. A summons of garnishment was issued and the insurance company made answer, after which the court adjudged that the United States Rubber Company recover judgment against Carter in the amount of the alleged debt, together with interest and court costs, to be satisfied from the sum admitted to be due and owing by the garnishee to Carter.[1]

---

1. Prior to the entry of final judgment in the Civil Court of DeKalb County, Georgia, the Trinity Universal Insurance Company filed an interpleader action in the United States District Court for the Western District of Texas and paid into the registry the sum of $3,118.89. That court issued an order temporarily restraining further prosecution of the DeKalb County suit on April 8, 1959, the same date on which the final judgment in the DeKalb County suit was entered. Service of the temporary restraining order was subsequent to the entry of final

The proof of claim filed with the bankruptcy court by appellant was in the amount of the judgment rendered by the Georgia court. The stated consideration for the debt was the Georgia judgment, and security was claimed in the form of a lien against the fund paid into the registry of the court by the Trinity Universal Insurance Company. Appended to appellant's claim was a certified true copy of the Georgia judgment.

In the hearing before the referee on the trustee's objections it was undisputed that Carter had never been present in Georgia and had not been served with process in the DeKalb County proceeding. Although the parties are now in disagreement on the point, the record plainly reveals that the copy of the Georgia judgment appended to appellant's claim was both in evidence and was considered by the referee, certain assertions of the referee to the contrary notwithstanding.[2] No evidence, other than his proof of claim and copy of the Georgia judgment, was presented by appellant, and no transcript of the referee's hearing on objections was prepared.

Our task on this appeal is to determine whether or not the district judge was clearly in error in affirming the findings and conclusions of the referee. Among these "findings of fact" were: that appellant, by filing an action in the Texas district court on a sworn and verified account, in the full amount of such account and without mention of the Georgia judgment or of any claim to a lien, thereby waived its right to assert the benefits, if any, of the Georgia decree;[3] that the Georgia decree amounted to a fraud on the bankrupt and was a nullity without force or effect as to Carter; that the Georgia Court had not obtained any

judgment by the DeKalb County court, but prior to any levy of execution. On April 17. 1959, the United States District Court for the Western District of Texas issued an order enjoining the United States Rubber Company from executing on its Georgia judgment or levying on the Trinity Universal Insurance Company. We are advised by appellant in its brief that the interpleader action, subsequent to the aforementioned injunction, has remained upon the civil docket awaiting trial on the merits, and that the trial judge has decided to hold the interpleader action in abeyance pending the outcome of this appeal, since the main issues are the same. Appellee does not disagree with this statement. We are of the opinion that none of the orders of the court in the interpleader action affect in the least the issues we are called upon to decide on this appeal.

2. The findings of fact and conclusions of law filed by the referee on March 1, 1961, stated:

"2. I have heard Carter's evidence introduced this day. No evidence, either oral, or in writing, of documentary, or copies or certified copies of the Georgia decree, seemingly relied upon by the said creditor [Appellant United States Rubber Company] * * * have been, or are, in evidence before me."

but later in the same findings and conclusions, it is also stated that:

"Sometime in March 1959 claimant instituted some manner of lawsuit in the State of Georgia; * * * the suit was directed against Carter and the insurer aforesaid which is apparent from the decree later rendered in such case. * * * The insurer was named as garnishee. * * * On April 8, 1959, a judgment was rendered against Carter and the insurer, as garnishee, for $4700.65 plus interest and costs. This judgment or decree, or whatever it is, is the basis of claimant's claim filed and specified as a secured claim * * *" [thereafter portions of the Georgia judgment were set out] T.R. 33, 34.

Subsequently, in his certificate of review, the referee stated:

"There is a certified copy of the Georgia decree attached to claim #6 which I took into consideration through judicial knowledge and notice of the bankruptcy record of proceedings. * * *"

3. The referee found that the United States Rubber Company instituted suit against Carter for the full amount of his open account, which was sworn to and verified on July 7, 1959, in the District Court of Pecos County, Texas. This was, of course, subsequent to the date of the Georgia judgment, of which the state court petition apparently made no mention. This suit was dismissed without prejudice on motion of appellant on Feb. 15, 1961, which was after the hearing before the referee but before the latter filed his findings of fact and conclusions of law with the court.

jurisdiction over the person of Carter or over the subject matter; that therefore no lien securing the claim to the funds paid into the registry of the court existed or ever had existed; and that the claim filed by appellant as a secured claim should be, and was, disallowed. As "conclusions of law," the referee found that by filing its claim appellant had consented to the summary jurisdiction of the bankruptcy court to pass upon the validity of the claim and the defenses interposed thereto by way of objections; that he had power to inquire into the validity of a foreign judgment by determining if the foreign forum had jurisdiction; that the Georgia court had no jurisdiction over the person of Carter; and that the decree as a fraud against him was a nullity.[4]

 It is, of course, elementary that a judgment binding on the person of a defendant may not be rendered in an action classified as *in personam* without some form of personal service sufficient to satisfy the requirements of due process of law. A statutory proceeding in garnishment, however is not an action *in personam*, nor is it, strictly speaking, a proceeding *in rem*. Partaking of the nature of both, it is frequently classified as a proceeding *quasi-in-rem*. Haft & Bros. v. Wells, 93 F.2d 991 (10th Cir. 1937); A. B. Baxter & Co. v. Andrews,

131 Ga. 120, 62 S.E. 43, 20 L.R.A.,N.S., 268 (1908). See also Sanders v. Armour Fertilizer Works, 292 U.S. 190, 54 S.Ct. 677, 78 L.Ed. 1206 (1933).[5] Service of the summons of garnishment notifies the debtor not to pay the debt and operates both upon the person of the garnishee and the debt itself. Harris v. Balk, 198 U.S. 215, 25 S.Ct. 625, 49 L.Ed. 1023 (1905). It is no impediment to the validity of a judgment in garnishment that there was no service, constructive or otherwise, on the debtor of the plaintiff in garnishment, when the state statute does not require it. Baltimore & Ohio R. Co. v. Hosteter, 240 U.S. 620, 36 S.Ct. 475, 60 L.Ed. 829, (1916). Attachment and garnishment are creatures of the local law, and if state law provides for the attachment of a debt, then, by personal service upon a garnishee found in the state, the court acquires jurisdiction over him and can garnish the debt due from him to the debtor of the plaintiff. Harris v. Balk, supra.

 While it was entirely proper for the referee in this case to inquire into the validity of the Georgia judgment, Pepper v. Litton, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1939), the scope of his inquiry was limited to determination of whether or not the judgment was void. Pepper v. Litton, supra. A judgment is not void merely because it may

4. Specifically, the referee stated:
"Recitals in a foreign judgment (the Georgia decree) are merely evidentiary and may be impeached, by proof as has been done in the premises by the trustee. The question of jurisdiction is always open to inquiry when coming under control of the court, as here, which has jurisdiction over the person of defendant (bankrupt here). The Federal Statute, in pursuance of full faith and credit clause of the U.S. Constitution, does not prevent inquiry into the jurisdiction of the Georgia State Court which rendered the so called decree involved here, and such clause refers to judgments having jurisdictions [sic] over the person of the defendant (bankrupt) Carter."

5. "Attachment is in the nature of a proceeding in rem. There is an actual seizure of property, except where it is in

the form of garnishment. * * * [in which case] it retains its character as one in the nature of a proceeding in rem, although there is no actual seizure of property under the order of attachment, for by service of the order upon the garnishee it arrests the debt in his hands, and holds it through him, subject to the judgment of the court. The claim subjected by garnishment is the estate of the principal debtor in the hands of the garnishee, and the proceeding is against it as a res, a thing, and not against the garnishee personally, except to compel him to turn it over to the creditor of the principal defendant in satisfaction of his claim. In every practical sense, it amounts to a seizure of the thing." Pennsylvania R. Co. v. Rogers, 52 W.Va. 450, 44 S.E. 300, 302, 62 L.R.A. 178 (1903).

be erroneous, but only if the court which rendered it lacked jurisdiction of the subject matter (or in a case where that is required, of the parties). Jones v. Watts, 142 F.2d 575 (5 Cir.1944). It was to the question of jurisdiction which the referee quite correctly looked. His conclusion was that since the Georgia court had no jurisdiction of the person of the bankrupt, Carter, it was without power to render judgment against him and his debtor in a garnishment action. In this conclusion he erred.

It is the law of Georgia, of which the Federal courts (and the referee in the instant case) take judicial notice without the necessity for pleading, Straub v. Jaeger, 9 F.R.D. 672 (D.C.Pa. 1950), that when suit is brought against a non-resident in the state by attachment levied by service of summons of garnishment, the situs of any debt due from the garnishee to the non-resident defendant is at the residence of the garnishee in Georgia. See Parks Georgia Code § 5095 (1914). Service of attachment by serving process of garnishment is as effectual as though the attachment had been served by levying it upon the property of the defendant. Parks Georgia Code § 5079 (1914). While the record in this case does not reveal what, if any, connection Trinity Universal Insurance Company had with Georgia, the law of that state also provides for service of summons of garnishment upon the agent in charge of the office or business of a corporation in the county or district at the time of service. Id. § 5720. The test is whether the judgment in question here was obtained in consonance with these and other pertinent provisions of Georgia law; if it was, the objections to appellant's proof of secured claim, and the referee's rulings thereon, must fail. We are unable to perceive in this record any way in which Georgia law was not complied with.[6]

The conclusion of the referee, that by instituting a suit in state court for the full amount of the debt owed it by Carter the appellant waived its asserted lien, is clearly erroneous. Taking judgment against a garnishee does not merge the demand against the principal. Judgment may be recovered against both and proceeded upon until one is satisfied. Farmer v. Simpson, 6 Tex. 303 (1851); 2 Freeman on Judgments § 566 (1925).

Service of the summons of garnishment, under the law of Georgia, creates a lien on such property of the debtor of the plaintiff in garnishment as may be found in the hands of the garnishee. Sanders v. Armour Fertilizer Works, supra; Henley v. Colonial Stages South, 56 Ga.App. 722, 193 S.E. 905 (1937). While "the bankruptcy law contains no express provision preserving liens acquired by legal proceedings more than four months before the petition is filed. * * * it is clearly implied that they shall be saved from the operation of the law, for section 67f voids only liens obtained by legal proceedings within that period." Straton v. New, 283 U.S. 318, 51 S.Ct. 465, 75 L.Ed. 1060 (1931). See also Metcalf Bros. & Co. v. Barker, 187 U.S. 165, 23 S.Ct. 67, 47 L.Ed. 122 (1902). On the basis of the record presented to us, we see no reason why the Georgia judgment which perfected his lien created more than four months prior to Carter's bankruptcy should not be recognized by the referee as security for appellant's admittedly valid claim.

---

6. No objection was raised by the trustee or passed on by the referee to the manner in which jurisdiction was obtained over Trinity Universal Insurance Company and the fund in its hands. In this regard, it should be noted that the Georgia judgment recites that Trinity Universal made its answer in the garnishment proceeding, which was construed by the court as an admission of its indebtedness to Carter. Parks Georgia Code § 5664 (1914) provides that an appearance and plea to the merits, without a plea to the jurisdiction, is an admission of jurisdiction; § 5663 provides that jurisdiction may be waived. It is well settled, moreover, that a presumption exists that a court of general jurisdiction had evidence of such service as conferred jurisdiction upon it.

The district court was clearly in error in affirming and sustaining the referee in the several particulars mentioned above. For this reason, the judgment of the district court is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.