# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| CACH LLC, | : | |
| | : | **C.A. No: SK09J-08-038 RBY** |
| _____Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| NICHOLE SIMMONS, | : | |
| | : | |
| Defendant. | : | |

*Submitted: November 7, 2014*
*Decided: December 16, 2014*

***Upon Consideration of Defendant's***
***Motion to Quash Writ of Attachment***
**DENIED**

**ORDER**

Patrick Scanlon, Esquire, Law Offices of Patrick Scanlon, P.A., Milford, Delaware for Plaintiff.

Lauren J. Garraux, Esquire, K&L Gates, LLP, Wilmington, Delaware for Defendant.

Young, J.

## SUMMARY

In the case at bar, the Court is presented with the question of whether to apply Texas or Delaware law, in a wage garnishment situation. This issue arises out of the reality of a mobile population.

Nichole Simmons ("Defendant"), incurred a debt to CACH, LLC ("Plaintiff"), while she was a resident of Delaware. In the time period between when she defaulted on her debt, and when Plaintiff sought a writ of attachment, Defendant had relocated to Texas. Defendant also obtained new employment with Cash America International, Inc. ("Cash America" and/or "Garnishee"). Seeking to satisfy the debt owed to it, Plaintiff served on Cash America, a writ of attachment to garnish Defendant's wages. The central disagreement between the parties is whether such garnishment is lawful. The law of Texas, notably its Constitution, exempts wages from garnishment by creditors. The law of Delaware by contrast, has no such protection.

By its motion to quash the writ of attachment, Garnishee requests this Court resolve this case pursuant to Texas law. However, following the precedent established by the U.S. Supreme Court, this Court finds that Delaware law controls. The U.S. Supreme Court has held that it is the law of the forum of the creditor, where the debt arose, that governs the proceedings. As Delaware does not exempt wages, Plaintiff is free to garnish Defendant's earnings, despite her relocation to Texas. Thus, Garnishee's Motion to Quash is **DENIED**.

## FACTS AND PROCEDURES

On June 4, 2009, Plaintiff filed suit in the Court of Common Pleas in and for Kent County. By that suit, Plaintiff sought to recover the debt owed to it by

Defendant, in the amount of $5,759.57. As the Defendant never responded to Plaintiff's Complaint, the Court entered default judgment in Plaintiff's favor. On August 9, 2009, this judgment was transferred to the Kent County Superior Court. Plaintiff's initial attempts to execute this judgment by writ of attachment, were unsuccessful. This was because Defendant was no longer employed by the employer, from which Plaintiff sought to garnish her wages. Defendant no longer resided in Delaware, but was now living and employed in Texas. Finally, on August 11, 2014, the Kent County Sheriff served a writ of attachment on Defendant's current employer, Cash America, a company based in Texas but incorporated in Delaware, at its registered agent in Dover, DE. By this writ, Plaintiff sought to garnish Defendant's wages, in satisfaction of her debt. Cash America, the Garnishee, now moves to quash this writ of attachment.

## DISCUSSION

The question before the Court, involves the often treacherous intersection of state and federal law, a complex issue. Although the legal question presented is complicated, the factual circumstances underlying the present motion are not. Defendant, a Delaware resident when entering into its relationship with Plaintiff, is indebted to Plaintiff in the amount of $5,759.57. Plaintiff sought and obtained a writ of attachment in Delaware, which was served upon Garnishee, a Delaware corporation, by the Kent County Sheriff. By the writ, Plaintiff looked to garnish Defendant's wages. The matter becomes complicated, in that Garnishee's and Defendant's physical location is in Texas. The writ, meanwhile, is under the auspices of a Delaware court, and was served by a Delaware sheriff.

3

According to Garnishee, Texas state law prohibits the garnishing of Defendant's wages. The Texas Constitution provides a statutory exemption from wage garnishment, providing in relevant part: "No current wages for personal service shall ever be subject to garnishment except for the enforcement of court-ordered (I) child support payment; or (ii) spousal maintenance."[1] In addition, Garnishee cites to a Texas remedies statute stating: "Except as otherwise provided by state or federal law, current wages for personal service are not subject to garnishment. The garnishee shall be discharged from the garnishment as to any debt to the defendant for current wages."[2] As both Defendant and Garnishee are physically located in Texas, it is Garnishee's position that Texas law applies, prohibiting Plaintiff from garnishing Defendant's wages.

Plaintiff counters Garnishee's assertion that Texas law is applicable. Instead, Plaintiff argues that it is the law of the creditor's state, where the debt arose, the "forum state", here Delaware, which governs. Importantly, unlike Texas, Delaware does not exempt wages from garnishment by creditors. Plaintiff supports its position by citing both the U.S. Constitution and Supreme Court authority. Plaintiff posits that this matter is controlled by the Full Faith and Credit Clause of Article IV of the U.S. Constitution, which requires that other states give effect to the laws of the forum state.[3] When faced with a similar conflict of law, where one state recognized a wage

---

[1] TEX. CONST. ART. XVI § 28.

[2] TEX. CV. PRAC. & REM. CODE ANN.§ 63.004.

[3] *citing Chicago R.I. &P RY. Co. v. Strum,* 174 U.S. 710, 718 (1899).

garnishment exemption, and the other did not, the U.S. Supreme Court in *Chicago R.I. &P RY. Co. v. Strum*, held that it is the law of the forum state that controls: "[e]xemption laws are not part of the contract. They are part of the remedy, and subject to the law of the forum."[4] When faced with this issue again, the Supreme Court reaffirmed its holding in *Chicago*, stating that it had, "disapproved of the notion that when debts are exempt from execution in the State where created this privilege follows as an incident into other jurisdictions."[5] Plaintiff further draws this Court's attention to Texas and Delaware case law, that appears to recognize the forum state's supremacy, as expressed by the Supreme Court.[6] Taken together, Plaintiff argues that Texas exemption law has no place in Delaware. Thus, Defendant's wages may be properly garnished, pursuant to the Delaware writ of attachment.

Delaware authority, concerning the precise situation presently before the Court, is rather thin. The parties cite to only one Delaware Court of Common Pleas case. Indeed, the Court found no further authority. That being said, the highest court in the Nation has determined this very issue, concluding that the U.S. Constitution

---

[4] *Id.*, at 717.

[5] *Sanders v. Armour Fertilizer Works*, 292 U.S. 190, 205 (1934).

[6] *See U.S. Rubber Co., v. Poage*, 297 F.2d 670, 673 (5th Cir. 1962) ("attachment and garnishment are creatures of the local law, and if state law provides for the attachment of a debt, then, by personal service upon a garnishee found in the state, the court acquires jurisdiction over him and can garnish the debt due from him to the debtor of the plaintiff"); *Zamoiski Co. v. Lee*, 1991 Del. C.P. LEXIS 17 (Del. C.P. 1991) (holding that a Delaware court could garnish the wages of a former Delaware resident, who now resides in Florida, despite a Florida statute that exempted wages from garnishment).

requires courts to apply the law of the forum state.[7] Moreover, the Delaware case on point, appears to follow this dictate, as the *Zamoiski* court too determined that a Delaware court could garnish the wages of a former Delaware resident, now living in a state with a garnishment exemption.[8] The cases analyzing this question come to the same conclusion: where there is a conflict between two state laws, concerning wage garnishment exemptions, the law of the forum state, where the creditor resides and where the debt arose, governs. In the instant matter, the writ of attachment originated from a Delaware court, and was executed by a Delaware sherif. Delaware is, therefore, the forum state. As such, the law of Texas, though it recognizes a garnishment exemption, does not apply. Hence, under Delaware law, Plaintiff may rightfully garnish Defendant's wages from Cash America, in satisfaction of the debt owed. Garnishee's motion to quash the writ of attachment is **DENIED**.

## CONCLUSION

The Court finds that this conflict of law has been settled by the U.S. Supreme Court. Where one state exempts wages from garnishment, and another does not, the law of the forum state, where the debt arose, takes precedence. Garnishee's motion is **DENIED**.

**IT IS SO ORDERED**.

                                   /s/ Robert B. Young
                                              J.

---

[7] *Chicago*, 174 U.S. 710; *Sanders*, 292 U.S. 190.

[8] 1991 Del. C.P. LEXIS 17.

*CACH LLC v. Simmons*
*C.A. No.: SK09J-08-038 RBY*
*December 16, 2014*

RBY/lmc
oc:    Prothonotary
cc:    Counsel
        Opinion Distribution
        File